**Valarie FLOYD, Respondent-Appellant,**

v.

**Warren BRENNER, Appellant-Respondent.**

**Nos. KCD 27553, KCD 27554.**

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Hall & Stahl, R. Brian Hall, Gladstone, for plaintiff-appellant-respondent, Floyd.

Morris, Foust, Beckett & Ponick, Max W. Foust, Russell D. Jacobson, Kansas City, for defendant-appellant-respondent, Brenner.

Before SWOFFORD, P. J., and MOORE, BONDURANT and CLYMER, Special Judges.

JAMES A. MOORE, Special Judge.

Plaintiff sued in conversion for actual and punitive damages. She had rented a furnished house from defendant in late 1971. When the rent was not paid after May, 1972, defendant unavailingly tried to find the plaintiff in the premises both by night and by day. Finally, in August, 1972, defendant caused a padlock to be placed on the door and took charge of the personal property then in the home.

Part of the items were stored in a shed. Some items were in the dwelling at the time of trial and were then returned to plaintiff. Other items were delivered to one Sloan for his use. The last group consisted of pots and pans and a bottle opener. A jury could have concluded that all of the personalty was not returned to plaintiff upon her demand.

A jury found the issues for the plaintiff and awarded her actual and punitive damages on July 23, 1974. The transcript on appeal does not include any judgment entered upon the verdict. Following the filing of after-trial motions on August 14, 1974, an order was entered denying a new trial and for "remittitur of $2,000.00 on the judgment of $7,000.00 punitive damages" on August 22, 1974.

Defendant appealed from the non-entered judgment of July 23, 1974. Plaintiff appealed "from the judgment entered in this action on the 22nd day of August, 1974". We reverse and remand.

■ Judgment is entered upon the verdict in civil actions, *Williams v. Pemiscot County*, 345 Mo. 415, 133 S.W.2d 417, 418[3] (1929). This procedure is reflected in the first sentence of Rule 78.04, "A Motion for a new trial shall be filed not later than 15 days after the entry of the judgment on a jury verdict, which judgment shall be entered as of the date of the verdict." (Contrast the procedure in criminal causes

where sentence is imposed and judgment entered only after disposition of a motion for a new trial. Rule 27.07 et seq. and Rule 27.20.) In light of the cross appeals and the disposition herein made, this Court will disregard in this case the ministerial omission of the clerk. *Byrd v. McGinnis*, 299 S.W.2d 455, 460[7, 8] (Mo.1957). This should in nowise suggest that this court waives its right and duty to dismiss appeals in appropriate cases.

■ The motion for new trial and alternative motion for remittitur were untimely filed. (Verdicts and the judgment which should have been entered thereon, July 23, 1974; motions filed August 14, 1974.) Rule 78.04 (formerly Rule 78.02) and Rule 44.-01(b).

Defendant's motion under Rule 75.01 has somewhat greater vigor. Had defendant been able to persuade the court to grant a new trial within 30 days after verdict and judgment, the action of the trial court might have been affirmed even though grounds for a new trial were imperfectly or untimely raised or were considered by the court *sua sponte*. However, the trial court denied this motion on the 30th day. See *Woods v. Kansas City Club*, 386 S.W.2d 62, 64–65[2] (Mo.1964).

No timely motion preserved anything for appellate review. Rule 78.07 (formerly and at the time of trial Rule 79.03). Invocation of the plain error doctrine by way of Rule 75.01 did not move the trial court to action adverse to the finding of the issues for the plaintiff.

■ Plaintiff is nominally an appellant as well as respondent. However, she assigns no error and rather seeks to support the rulings in the trial court. Her appeal is dismissed.

Defendant asserts that the court erred in giving Instruction No. 6 adapted from MAI 4.02 [1] without giving the related definition

1. *4.02 Measure of Damages—Property Only*

If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you may find from the evidence to be the difference between the fair market value of (*here identify property*) before it was damaged and its fair market value after it was damaged, [plus such sum as you may find from the evidence will fairly and justly compensate the plaintiff for the loss of the use thereof until

Instruction MAI 16.02.[2] The given instruction read:

> "If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you may find from the evidence to be the fair market value of plaintiff's property converted by defendant."

Defendant requests review of his contention under the plain error rule.

Since the claimed error in charging the jury was not preserved for required appellate review, Rules 78.07, 78.09 and 84.13(a), we are invited to review the assignment under the plain error rule, Rule 84.13(c). In this posture of the case, this court is not directly concerned with the consideration of "plain error" by *the trial court* under Rule 78.08 or the portion of its predecessor, Rule 79.04, applicable to trial courts.

■ It was error to fail to give the mandatory definition instruction MAI 16.02. The discretion to be exercised by this court requires a finding "that manifest injustice or miscarriage of justice has resulted." Was the omission a mere fault or a most grievous fault?

The inclusion of MAI 16.02 defining "fair market value" was and is mandatory by reason of the "Notes on Use" under MAI 4.02 given at plaintiff's request. *Royal Indemnity Co. v. Schneider*, 485 S.W.2d 452, 458[4] (Mo.App.1972).

■ In determining the prejudicial effect of the omission, we can and should consider the totality of the circumstances including the nature of the evidence and the arguments of counsel. The only value witness was the plaintiff herself under the self-help doctrine of cases such as *Hood v. M. F. A. Mutual Insurance Co.*, 379 S.W.2d 806,

812[9–11] (Mo.App.1964). She was imprecise and vacillating. Sometimes she thought the value was the amount prayed, $300.00, and at other times $500.00. Value was a total for the mixed lot.

She replied affirmatively to the question "You mentioned a lot of things, such as novelties, which had a sentimental value to you more than anything else?" The personalized argument of her counsel included sentences such as, "I think she may not have had a lot in terms of dollars and cents, but it meant quite a lot to her in terms of sentiment." In rebuttal her counsel referred to the value of certain items and said, "It is not a simply a question of whether they were important to them, it's the question that they were important to Valarie. It's her belongings, and whether or not it was scratch paper or whether it was of great value, it's hers and she has a right to hang on to that." Although the statements arguably may have been intended to support plaintiff's claim to punitive damages, evidence and arguments set the stage for the exercise of a roving commission by the jury, unrestrained by the sobering influence of definition.

■ The effect of the omission of the mandatory definition was prejudicial and materially affected the merits of the action. We are entitled to, and do, consider it as plain error resulting in manifest injustice or miscarriage of justice. *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 424–425 (Mo.App.1973).

Plaintiff's appeal is dismissed. (KCD 27553) The judgment is reversed and the cause is remanded for a new trial. (KCD 27554).

All concur.

---

such property could reasonably be repaired or replaced].
*4.02 Measure of Damages—Property Only—Notes on Use [Supplemental]* MAI 16.02 defining "fair market value" must be given.

**2.** *16.02 Definitions—Fair Market Value Defined*
The term "fair market value" means the price which the property in question would bring when offered for sale by one willing but not obliged to sell it, and is bought by one willing or desirous to purchase it but who is not compelled to do so.
In determining fair market value you should take into consideration all the uses to which the property may best be applied or for which it is best adapted, under existing conditions and under conditions to be reasonably expected in the near future.