**Wendell LENT and Olin Pryor, Coadministrators of the Estate of Grant Lent, Appellants,**

v.

**Matilda Jane LENT, Respondent.**

**No. 28022.**

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Terry M. Evans, Erwin L. Milne, and Stockard, Andereck, Hauck, Pickett & Sharp, Trenton, for defendants-appellants.

James S. Stubbs, Chillicothe, for plaintiff-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from order granting new trial to plaintiff on ground the verdict for defendants was against the weight of the evidence. The question is whether plaintiff made a submissible case. Affirmed.

■ The grant of one new trial on the ground the verdict was against the weight of the evidence will not be disturbed on appeal where plaintiff makes a submissible case. § 510.330, V.A.M.S.; Rule 78.02, V.A.M.R.; *Clark v. Quality Dairy Co.*, 400 S.W.2d 78, 82 (Mo.1966); *Overbey v. Fodde*, 420 S.W.2d 510, 511 (Mo.1967). The test of whether a plaintiff has met the burden of a submissible case, *Markman v. Bi-State Transit System*, 457 S.W.2d 769, 771 (Mo. 1970), requires that evidence favorable to plaintiff be accepted as true and that defendant's evidence be disregarded except where it aids plaintiff's case. *Forbis v. Associated Wholesale Grocers, Inc.*, 513 S.W.2d 760, 763 (Mo.App.1974). See also *Vaeth v. Gegg*, 486 S.W.2d 625, 628–629 (Mo.1972); *Helming v. Dulle*, 441 S.W.2d 350, 352 (Mo.1969); *Kinder v. Pursley*, 488 S.W.2d 937, 939–940 (Mo.App.1972).

■ Plaintiff, as the surviving spouse of Charley L. Lent, deceased, pleaded and submitted her action for the wrongful death of her husband against the representatives of Grant Lent, deceased, under the doctrine *res ipsa loquitur*. The doctrine applies when the occurrence resulting in injury was such as does not ordinarily happen if the party in charge uses ordinary care; the instrumentality involved was under the

management and control of the defendant; and the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Adams v. Le Bow*, 236 Mo.App. 899, 160 S.W.2d 826, 828 (1942); *Lindsey v. Williams*, 260 S.W.2d 472 (Mo.1953).

Appellants contend that plaintiff failed to make a case on the issue of Grant Lent's negligence, and assert that their evidence that Grant Lent's medical history of blackouts was the only evidence to explain the movements of their decedent's vehicle.

Tested as indicated, appellants' statement of the case demonstrates a submissible case under the doctrine *res ipsa loquitur.*

On May 29, 1973, at 11:00 o'clock a. m., Grant Lent was operating his 1969 Chevrolet pickup truck in an easterly direction on Missouri Route 170 in Livingston County, Missouri, at a speed of 25–30 miles per hour. Charley L. Lent was a passenger in Grant Lent's pickup. The pickup truck left the eastbound lane of traffic, crossed the westbound lane, and collided with three reflector signs and the northwest corner of a bridge. Route 170 is twenty-one feet wide at this point with three-foot shoulders on each side. It is straight and level and was dry. There were sixty-nine feet of tire tracks on the north shoulder of the highway leading to the west end of the bridge. There were no skidmarks. Both Grant Lent and Charley L. Lent received injuries from which Grant Lent died on May 30, 1973, and Charley L. Lent died June 1, 1973.

Loss of control or failure to control the movement of a motor vehicle so that it leaves the highway and causes injury permits an inference of negligence on the part of the driver; and so long as the plaintiff's evidence does not show the cause of the casualty, or if the true cause is left in doubt, plaintiff is not deprived of the right to invoke the doctrine *res ipsa loquitur.* *Collins v. Nelson*, 410 S.W.2d 570, 573 (Mo. App.1965).

Plaintiff's evidence tends to prove that while defendants' decedent was in control of his pickup truck, driving along a straight, level, unobstructed highway, he lost control or failed to control his vehicle so that it left the highway and collided with a bridge. Such a *prima facie* case under the doctrine *res ipsa loquitur* supports an inference of negligence on the part of defendants' decedent, and the case did not disappear on defendants' evidence of their decedent's blackouts offered in explanation of the casualty. *Collins v. Nelson*, supra. Note also the similarity of *Lindsey v. Williams*, supra, in application of the doctrine, where plaintiff was a passenger in an automobile owned and controlled by defendant when the automobile, proceeding on a straight downgrade roadway, swerved, left the road, crossed a ditch, and struck a tree. *Bray v. St. Louis-San Francisco Ry. Co.*, 236 S.W.2d 758, 761 (Mo.App.1951), cited by appellants, has no application because it did not involve the grant of a new trial to plaintiff on the ground the verdict was against the weight of the evidence.

Judgment affirmed.

All concur.