**Lloyd SEARCY, Appellant,**

v.

**John C. NEAL, Jr., Respondent.**

**No. 27918.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Thaine Q. Blumer, Kenneth E. Arnold, Kansas City, for appellant.

Miller and O'Laughlin, P. C., George T. O'Laughlin, Bernard M. Jung, Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from verdict and judgment for defendant in action for personal injuries sustained by plaintiff when the motor vehicle he was operating ran off the highway. The question is whether the instruction which submitted plaintiff's contributory negligence was supported in the evidence. Affirmed.

In October, 1965, plaintiff was employed by defendant as a farm hand; his duties included operation of defendant's trucks. On October 31, 1965, plaintiff was operating defendant's 1964 model GMC truck equipped with dual rear wheels and tires,

loaded within limits with 18,000 to 25,000 pounds of grain, southbound on U.S. Highway 69 near Liberty, when the truck ran off the highway, overturned, and injured plaintiff following a blowout of one of the right rear tires.

Plaintiff's theory, as submitted by his verdict-directing instruction, was that defendant's truck was equipped with a tire that had been cut and repaired making it unsafe for use; that it blew out; that defendant knew, or should have known, that the tire was unsafe; that he was thereby negligent, and that as a result, the truck overturned and plaintiff was injured.

Defendant's theory was that plaintiff's own negligence caused or contributed to cause the casualty and his injury. It was submitted by Instruction 4:

"Your verdict must be for the defendant, whether or not defendant was negligent, if you believe:

"First, plaintiff knew or in the exercise of the highest degree of care would have known that to make a sudden hard application of the brakes on the truck immediately after a tire blowout would be likely to cause plaintiff to lose control of the truck; and

"Second, plaintiff made a sudden hard application of the brakes immediately after hearing the blowout of a tire on the truck and thereby was caused to lose control of the truck; and

"Third, plaintiff's conduct in the respect submitted in paragraph Second was negligent; and

"Fourth, such negligence of plaintiff directly caused or directly contributed to cause the truck driven by plaintiff to overturn."

Appellant charges the court erred in giving Instruction 4, asserting there was no evidence that plaintiff knew or would have known that a sudden hard application of the brakes would cause him to lose control or that his loss of control of the truck was caused by the application of the brakes. He argues that defendant's burden of proving plaintiff's contributory negligence, *Thompson v. Southwestern Bell Telephone Co.*, 451 S.W.2d 147 (Mo.1970), was not met; and that each proposition was not supported by substantial evidence as required, *Ryan v. Manheimer*, 435 S.W.2d 366 (Mo.1968); *Williams v. Cavender*, 378 S.W.2d 537 (Mo. 1964).

■■■■ The evidence in support of the instruction on contributory negligence, considered favorably to defendant with a disregard for plaintiff's evidence unless it tends to support the submission as required, *Rickman v. Sauerwein*, 470 S.W.2d 487 (Mo. 1971), *Worley v. Tucker Nevils, Inc.*, 503 S.W.2d 417 (Mo. banc 1973), *Ogden v. Toth*, 542 S.W.2d 17 (Mo.App.1976), demonstrates that the court properly submitted the question of plaintiff's own negligence to the jury.

There was evidence to show that plaintiff, at age 34, was an experienced truck driver and had driven the same truck with similar loads to Kansas City twenty-five or thirty times previously in defendant's employ in the harvest seasons of 1964 and 1965. He also had received training in military service with respect to what to do in case of a tire blowout, and had experienced several blowouts while operating automobiles. He had learned in his training that there was danger in slamming on the brakes after a blowout and that the safe practice was to slow the vehicle and bring it to a gradual stop. On the occasion in question, he heard a "pow" which he recognized as a blowout. He "felt the load shift but the truck kept going straight down the road" until after he put his foot on the brakes. When he applied the brakes, he jammed his foot on the brakes as hard as he could. Things "got away from" him and his truck proceeded to skid some 114 feet and went off the road. He did not lose control until after his hard application of the brakes.

There was also evidence from witnesses, John B. Scott on behalf of plaintiff, and William Francis Adee on behalf of defendant, both experienced in the tire equipment and repair business, that sudden, hard braking should be avoided following a tire blowout.

As stated, *Crupe v. Spicuzza*, 86 S.W.2d 347, 350 (Mo.App.1935): "Reasonable minds might  *  *  *  conclude  *  *  *  that (plaintiff) exercised due care in his attempt to control his car after the blowout, while others  *  *  *  might reasonably conclude with equal propriety to the contrary.  *  * It is indeed a matter of common knowledge that automobiles frequently overturn when blowouts occur, especially if the car is being operated at a high speed, but here the car ran for a very appreciable distance after the occurrence of the blowout before it overturned.  It may well be that nothing that (plaintiff) could have done would have averted the casualty, and yet the blowout and subsequent overturning of the car were not so closely connected  *  *  *  that (plaintiff) was afforded no opportunity to exercise a proper judgment as to what method to pursue in endeavoring to control and stop his automobile.  Rather the question of his exercise of due care in attempting to regain control of his automobile was one for the jury upon the conflicting inferences possible from the evidence, and so there was no error in the submission of such theory of negligence in the instruction."

Judgment affirmed.

All concur.