**J. G. HAHN and Lela M. Hahn, Plaintiffs-Respondents,**

v.

**M. F. A. INSURANCE COMPANY, a corporation, Defendant-Appellant.**

No. 11891.

Missouri Court of Appeals, Southern District, Division Three.

May 7, 1981.

Donald Rhodes, Bloomfield, for plaintiffs-respondents.

James E. Spain, Briney, Welborn & Spain, P. C., Bloomfield, for defendant-appellant.

PREWITT, Judge.

Plaintiffs received a jury verdict and judgment against defendant for $12,795.28. Plaintiffs claimed that a machine shed and farm machinery contained in it were damaged due to "windstorm", a peril insured against in an insurance policy issued by defendant to plaintiffs. The shed had a corrugated metal roof which collapsed during a wind and snowstorm. No one saw it fall. Most of the roof fell into the interior of the walls, which did not fall. Defendant's policy insured plaintiffs against loss for "Windstorm or hail, excluding (a) loss caused directly or indirectly by frost or cold weather or ice (other than hail), snowstorm or sleet, all whether driven by wind or not".

Defendant contends that plaintiffs failed to make a submissible case because the evidence did not show that windstorm was the direct or dominant cause of plaintiffs' loss but only showed that the loss was "wind-assisted" and would not have occurred except for a snowstorm. Defendant also contends that the evidence showed that plaintiffs' loss was caused or assisted by the weight of snow on the roof of the shed and there is no coverage for such a loss because snow is excluded from coverage under the policy.

■ Where windstorm is the dominant and efficient cause of the loss, the insured may recover even if another cause contributed to the loss, at least where the other cause is not an excluded peril under the policy. ANNOTATION, Causes of loss under windstorm insurance coverage, 93 A.L. R.2d 145, 157, 161 (1964). See also ANNOTATION, What constitutes "direct loss" under windstorm insurance coverage, 65 A.L. R.3d 1128 (1975).

■ To determine if plaintiffs made a submissible case, we view the evidence and all reasonable inferences most favorable to plaintiffs. *Wilson v. Missouri-Kansas-Tex-*

*as Railroad Company*, 595 S.W.2d 41, 44 (Mo.App.1980). There was testimony of high winds in the immediate area substantial enough to blow a tree down and to blow two sliding doors and small pieces of tin off plaintiffs' granary. There was evidence that because of the wind only a small amount of snow could have collected on the roof of the shed and that on other similarly roofed structures nearby there was no snow accumulation due to the wind. An expert witness called by plaintiffs testified that the shed "did not have adequate wind bracing"; that the removal of the roof was "wind-assisted"; that the weight of ice and snow "assisted in the failure"; but that "the structure was strong enough to stand the snow without the wind"; that "the direct cause of the failure was due to wind pressure on the roof, either uplift or directly on the roof surface." He also stated "the roof was adequate to carry a foot of snow, and any additional pressure imposed by the wind caused the failure."

Our examination of the record creates a substantial doubt if windstorm was the dominant cause of the damage. However, it is not our function to determine the facts. Viewing the evidence and all reasonable inferences in the light most favorable to plaintiffs we believe that a sufficient case was made for the jury's determination. The jury may have believed plaintiffs' evidence that due to the wind, little or no snow accumulated on the roof before the damage occurred. If so, it would be reasonable to find that the wind was at least the dominant cause, and that snow was not a factor in causing plaintiffs' loss. Because of the latter, we do not consider the effect under the policy of windstorm combining with snow to cause the loss. Similar questions are discussed in the annotations cited above.

■ Plaintiffs' expert witness's testimony that the failure was "wind-assisted" did not foreclose the jury from finding that wind was the dominant cause and snow not a factor. Wind could be the dominant cause and still have assistance in causing the loss. The loss could have occurred due to the wind combining with the faulty con-

struction of the roof. The expert witness's testimony that the weight of the ice and snow "assisted in the failure" was apparently based on an assumption that there was ice and snow on the roof when it fell. Moreover, even if harmful to their case, plaintiffs were not bound by the witness's testimony. A party who produces an expert witness is bound by his uncontradicted evidence, *Furlong v. Stokes*, 427 S.W.2d 513, 518 (Mo.1968), but not where there are other facts and circumstances in evidence from which the jury may draw a contrary inference. *Colley v. Cox*, 266 S.W.2d 778, 786 (Mo.App.1954).

The judgment is affirmed.

All concur.

BILLINGS, J., disqualified.