**Harold FRANKLIN and Karen Franklin, Plaintiffs-Respondents,**

**and**

**Farmers and Merchants Bank of Huntsville, Missouri, a Missouri Banking Corporation, Plaintiff-Intervenor-Respondent,**

**v.**

**FARMERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

**No. WD 32001.**

Missouri Court of Appeals, Western District.

Jan. 5, 1982.

William O. Lee of Hunter, Chamier, Lee, Elsberry & Wright, Moberly, and J. David Collins of Collins & Grimm, Macon, for defendant-appellant.

Rex Gump of Hulen, Hulen, Tatlow & Gump, Moberly, for intervenor-respondent, Farmers and Merchants Bank of Huntsville, Mo.

Wayne E. Schirmer of Falzone & Schirmer, Moberly, for plaintiffs-respondents, Harold & Karen Franklin.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is a suit by insured on a named peril insurance policy. Judgment was entered upon a jury award of $12,041.17. The judgment is reversed and remanded for retrial upon the issue of damages.

Five points of error are presented on appeal, which in summary allege that the trial court erred (1) in the submission of a

verdict-directing instruction because the instruction permitted a verdict without disposing of all parties; (2) in denying appellant's motion for directed verdict upon failure of proof of actual cash value of the property; (3) in denying appellant's motion for directed verdict because the evidence failed to make a submissible case that the claimed loss was caused by windstorm, and the evidence, as a matter of law, revealed the claimed loss was subject to a mandatory exclusion of the policy; (4) in the submission of a damage instruction as an improper deviation from MAI 4.02; and (5) in refusing to submit definitional instruction on the term "windstorm".

The parties are identified and referred to by their party designation at trial. Respondents Harold and Karen Franklin were original plaintiffs. Farmers Bank was plaintiff-intervenor. Appellant, Farmers Mutual Insurance Co. was original defendant. Plaintiffs purchased a policy from defendant, insuring their farm buildings. Intervenor is the mortgagee and loss payee on the policy. There is no dispute that the policy was in force at the time of the claimed loss. The dispute centers upon the cause of loss and the inclusion of the loss within the terms of defendant's policy.

The record reveals the following pertinent facts. At about 11:00 p. m. on January 18, 1979, plaintiff Harold Franklin left his horse barn to return to his home a few hundred feet away. He testified that it was very windy, blowing hard in gusts, and that while inside the barn, the wind made the barn "pop and crack and [make] a lot of vibrations". He stated that the wind was blowing with such force that as he walked to his house, he could hardly walk against it. Plaintiff Karen Franklin testified she remembered that the wind outside the windows sounded "like a train." Both plaintiffs testified that they observed little snow accumulation atop the barn. Upon arising the next morning, they noticed that the barn roof had fallen in.

Defendant offered official weather reports concerning temperature and moisture readings for that day, but wind velocities were not reported. An expert engineer was called, who testified it was his opinion the roof collapse was due to snow load as opposed to the wind. This expert testified that the barn roof, which measured 90 × 60 feet, could withstand 67 tons of snow. Defendant further defended on plaintiffs' initial lack of advising or claiming to their insurance agent that the damage had been caused by wind. Defendant claimed that plaintiffs' failure to advise the agent of claimed wind damage was proof that the damage had been caused by roof load produced by accumulated snow.

Damages in the sum of $12,041.17 were established by the person who repaired the barn. The evidence closed and the jury returned its verdict.

In point (1), defendant contends that the form of verdict-directing instruction submitted failed to include intervenor and thus permitted the jury to return a verdict without disposing of all the parties to the litigation. The verdict form used by the jury was as follows:

"We, the undersigned jurors, find the issues in favor of plaintiffs and we assess plaintiffs' recovery as follows: recovery under the policy at $12,041.17."

Defendant argues that the above verdict failed to make any mention of and thus failed to dispose of any claim by intervenor. The record reveals a stipulation that intervenor held a $53,508.00 mortgage on plaintiffs' property and was loss payee on the insurance policy. Defendant argues that the above verdict form did not require a finding for or against intervenor and hence, a judgment entered in accord is not final and appealable because it did not dispose of all the parties, citing *Hill v. Boles*, 583 S.W.2d 141 (Mo. banc 1979). Defendant's claim fails for three reasons. First, the verdict form references plaintiffs in plural form and any fair reading logically encompasses the interests of intervenor as party plaintiff. Secondly, upon oral argument and the record of this court, counsel for intervenor not only acknowledged being bound by the plurality of the term "plaintiffs" but waived any additional or future

interest or claim against defendant arising from this particular matter and offered to execute a release in support of such position. Finally, this cause involves an insurance policy which contains a standard mortgage clause. Our courts have recognized the superior interests of a mortgagee over an insured. *St. Louis County National Bank v. Maryland Casualty Company*, 564 S.W.2d 920 (Mo.App.1978). In addition, verdicts are to be liberally construed to ascertain the intent of the jury. *Robinson v. Southwestern Bell Telephone Co.*, 434 S.W.2d 249 (Mo.App.1968). The question to be determined is whether a verdict is responsive in such a manner as to dispose of the issues under the facts and law applicable to the particular case. *Commercial National Bank of Kansas City, Kansas v. White*, 254 S.W.2d 605 (Mo.1953). In addition to the foregoing, which considered alone would suffice under the facts and circumstances of the instant case to deny defendant's point (1), the trial court in its judgment entry amended the verdict to include intervenor. Such amendment was to form and is permissible. *Stafford v. Far-Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo. App.1972). Point (1) is ruled against defendant.

Under point (2), defendant argues that it was entitled to a directed verdict upon plaintiffs' failure to make a submissible case on the issue of actual cash value of the barn. Defendant argues that the instant case comes within and is subject to the general proposition that recovery for damages to property must be supported by evidence as to the "value of the property before and after the loss." *Brown v. Pennsylvania Fire Ins. Co., Philadelphia*, 263 S.W.2d 893, 899 (Mo.App.1954).

■■ The record supports defendant's contention that plaintiffs failed to submit evidence concerning the value of the barn which is required in actions for recovery of damages to real property. *Brown, supra*, and *Johnstone v. Home Ins. Co. of New York*, 34 S.W.2d 1029 (Mo.App.1931). The deficiency in the evidence upon the issue of damages can be supplied, thus authorizing this court to not only sustain defendant's point (2), but to reverse and remand this cause upon the issue of damages. *Riggs v. Kansas City Ry. Co.*, 220 S.W.2d 697 (Mo. App.1920) and *Searcy v. Neal*, 509 S.W.2d 755 (Mo.App.1974) [appeal after remand, 549 S.W.2d 602 (Mo.App.1977)]. Where, as in the instant case, all pertinent information has not been submitted at trial, this court is authorized to reverse and remand the cause. *Bolhofner v. Jones*, 482 S.W.2d 80 (Mo.App.1972) and Rule 84.14. That reversal and remand is the proper disposition, see *Gurwell v. Jefferson City Lines*, 239 Mo.App. 305, 192 S.W.2d 683 (1946).

■■ Under point (3), defendant argues that plaintiffs fail to make a submissible case on the cause of damage to the barn. It is defendant's position that plaintiffs' failure in regard to this issue placed the loss within a mandatory exclusion within defendant's policy and therefore, as a matter of law, defendant was entitled to a directed verdict. There is no question that if the evidence failed to establish that the loss was caused by windstorm, coverage for the loss was excluded. Defendant's policy is a *named peril policy* and not an *all risk policy*. The evidence on this issue was controverted. Plaintiffs testified that on the night of the loss, it was "very windy", "blowing hard in gusts", that the barn was made to "pop and crack with a lot of vibrations" and that the wind was blowing so hard that walking against it was very difficult. In addition, the wind was blowing outside their residence so that it sounded "like a train". This evidence was countered by defendant with various weather reports and expert testimony that the damage to the barn was the result of snow/ice weight and not wind. Review of the whole evidence reveals that a question of fact as to the cause of the damage was created. The determination of that factual question fell within the province of the jury. Where appellate courts are requested to determine whether evidence is sufficient to make a submissible case or not, the evidence favorable to the plaintiff must be accepted as true and the defendant's evidence disregarded except

where defendant's evidence aids the plaintiff's case. *Lent v. Lent*, 543 S.W.2d 312 (Mo.App.1976). The question of whether the damages claimed by plaintiffs was caused by windstorm or not was a jury question under the instant facts and circumstances. Point (3) is found to be without merit and is ruled against defendant.

Under point (4), defendant attacks the damage instruction submitted to the jury as an improper deviation from MAI 4.02. This court's disposition of the issue of damages renders moot defendant's contentions regarding instructional error. The parties are advised to follow the mandatory requirements of MAI.

 Under its final point (5), defendant charges that the trial court erred in refusing to submit to the jury a definitional instruction of the term "windstorm". Defendant argues that the term windstorm is not a term of ordinary meaning, thus requiring a definitional instruction. Defendant cites *Schaeffer v. Northern Assurance Company*, 177 S.W.2d 688, 691 (Mo.App. 1944) for the proposition that windstorm has been defined as:

> "The term as used in a policy of insurance such as that with which we are here concerned means a wind of unusual violence. It is something more than an ordinary gust of wind or current of air no matter how long continued. It need not have the violence or the twirling or whirling features of a cyclone or tornado, but it must assume the aspects of a storm, that is, an outburst of tumultous force."

*Schaeffer* does not stand for the proposition that a definitional instruction on *windstorm* must be submitted, and research has failed to reveal any authority requiring such an instruction. When reviewed, the offered instruction of defendant varied the definition under *Schaeffer* by use of the word *gust* in lieu of the word *wind*. Our courts have spoken to this issue even further while reaffirming the definition of *Schaeffer*. It has been declared in *Metropolitan Ice Cream Co. v. Union Mutual Fire Insurance Co.*, 210 S.W.2d 700, 702 (Mo.App. 1948):

> "Windstorms, like any other kind of storms, vary in violence and policies must be construed to cover a windstorm of any force or turbulence. If an insurer wishes to limit its liability to damages caused by storms of certain measured velocity or duration the policy should so state."

Plaintiffs argue that the term *windstorm* is a nontechnical and readily understandable term which does not, under the facts and circumstances herein, require a definition by way of jury instruction. This court agrees. Point (5) is found to be without merit and is ruled against defendant.

No error is found in the judgment, except as it relates to the issue of damages. The judgment is reversed and the cause remanded for new trial upon the issue of damages only.

All concur.