**William E. LANE and Katherine Lane, Respondents,**

v.

**CAPE MUTUAL INSURANCE COMPANY and Raymond Balsman, Appellants.**

No. 47963.

Missouri Court of Appeals, Eastern District, Southern Division.

July 17, 1984.

Bernard C. Rice, Sikeston, for appellants.

Dennis Charles Brewer, Perryville, for respondents.

CRIST, Presiding Judge.

This is a consolidated appeal concerning a judgment for $15,000 entered on a jury verdict on respondents' (insureds) claim for wind damage to a farm building insured against damage by windstorm. Appellant (insurance company) appeals that judgment and insureds appeal from the order granting insurance company a new trial on the ground the trial court erred in failing to define the term "fair market value." The cause is remanded for a new trial to be limited to the issue of damages only.

■ Insurance company asserts there was insufficient evidence from which the jury could find the existence of a windstorm which caused the damage to insureds' building. We view the evidence in the light most favorable to the verdict, considering only that which supports it, and disregarding contrary evidence and inferences. *Bandag of Springfield, Inc. v. Bandag, Inc.,* 662 S.W.2d 546, 551 (Mo. App.1983).

■ A windstorm, absent a restriction in the insurance policy to a wind of certain velocity or duration, is a wind of any force causing damage. *Metropolitan Ice Cream Co. v. Union Mut. Fire Ins. Co.,* 210 S.W.2d 700, 702 (Mo.App.1948); *See Franklin v. Farmers Mut. Ins. Co.,* 627 S.W.2d 110, 114 (Mo.App.1982). In the instant case, several witnesses testified the wind had been blowing strongly for several days, and continued to do so on the day in question. It blew so hard men had difficulty walking against it. The snow was blowing and drifting so that a driveway required plowing out every day. Snow was blown back onto a road as soon as the snowplow would clear it. The building, which was 60 feet by 90 feet, had a large span against which the wind exerted much pressure. Insureds' son testified to having his clothes get wet and then, because of the cold and the wind, freeze on him while he helped move a four-wheel-drive truck that had been stuck in the snow. He went to the building, called his wife from there, then drove home to change clothes. Just after he arrived home, he heard a sound like an earthquake, looked out the window, and saw the building was down. The time since he left the building had been about two minutes. The wind had been blowing steadily all during and before that time, and the roof of the building was fairly clear of snow. This evidence was sufficient for a jury to find the wind caused the damage to the building. *Franklin, supra* 627 S.W.2d at 113–14.

■ Insureds claim the trial court erred in granting a new trial because insurance company was not prejudiced by their failure to give a definition instruction on "fair market value." Insureds offered as their damage instruction, MAI 4.02, containing the phrase "fair market value." The Notes on Use under MAI 4.02, which must be followed, [*Sall v. Ellfeldt,* 662 S.W.2d 517, 524 (Mo.App.1983)], require the giving of MAI 16.02 which defines "fair market value." It was error to fail to give MAI 16.02. *Floyd v. Brenner,* 542 S.W.2d 325, 328 (Mo.App.1976).

Because the jury found insurance company liable under the policy, and the only error pertained to the issue of damages, the cause should be remanded for a new trial solely on the issue of damages. *Berry v. Federal Kemper Ins. Co.,* 621 S.W.2d 948, 954[22] (Mo.App.1981). That part of the judgment pertaining to liability is affirmed. That part of the judgment pertaining to damages is reversed. The order sustaining the motion for new trial is modified so as to grant insurance company a new trial on the issue of damages only.

The cause is remanded for a new trial on damages only.

STEPHAN, J., concurs.

GAERTNER, J., dissents with separate opinion.

GAERTNER, Judge, dissenting.

I respectfully dissent because I do not believe the plaintiffs made a submissible case in that plaintiffs failed to prove their damages were caused by a covered risk. The disputed issue in this case is clear cut: If plaintiffs' damage was caused by windstorm, defendant's policy covered the loss, but if the damage was caused by an accumulation of snow, ice, and water on the roof, this was not an insured risk.

In an action of this kind, the plaintiff makes a prima facie case by establishing the issuance of the policy of insurance, delivery, payment of the premium, *the loss through or on account of the cause insured against,* and the furnishing of notice and proofs to the insurer as required by the policy.... The insured must, of course, bring himself within the

terms of the policy and prove by substantial evidence that the claim sued on is *within the coverage* provided by the terms of the insurance contract. (emphasis added)

*Grossman Iron & Steel Co. v. Bituminous Casualty Corp.*, 558 S.W.2d 255, 259 (Mo. App.1977).

Plaintiffs adduced no direct evidence, either through expert or lay testimony, that the collapse of the roof within the walls of the structure, which remained standing, was caused by windstorm. The majority opinion finds an issue submissible to the jury by inferring a causal connection between the evidence of high winds and the fact of damage. Assuming, arguendo, that where plaintiffs' proof shows only one possible cause, the evidentiary chasm between occurrence and result can be bridged by inference, such is not the case where plaintiffs' own evidence establishes more than one possible cause of the loss.

The testimony of the plaintiffs was that on the day the roof collapsed they telephoned their insurance agent. The agent came to the scene, took photographs showing an accumulation of snow on the collapsed roof, and told them there was no coverage. Thereafter, plaintiffs consulted their attorney, who prepared a proof of loss dated March 30, 1982, stating "the cause and origin of the said loss were weight on the roof of water, ice, and snow." This document was signed and sworn to by both plaintiffs and submitted to the insurer which denied the claim on the grounds the loss was caused by a risk not covered by the policy. Plaintiffs then submitted a second proof of loss, dated May 3, 1982, stating the cause to be "wind weakening the structure substantially that the roof collapsed." Both of these proofs of loss were read to the jury by plaintiff, Katherine Lane, a school principal with a masters degree, as a part of plaintiffs' case. Plaintiff William Lane testified that they changed their story after the company wrote them a letter denying coverage.

The responsibility rested on plaintiff to produce evidence which justified the factual inference that wind alone caused the damage for which he sought recovery. If the evidence he offered was as consistent with the inference that wind and "water driven by wind" caused that damage, as with the inference that wind alone caused it, the evidence established neither, and he could not recover.

*Niagara Fire Insurance Co. v. Muhle*, 208 F.2d 191, 194 (8th Cir.1953).

This conclusion is consistent with the well established law in Missouri that an inference logically drawn as a probable consequence from one or more provable facts is a rebuttable "presumption of fact," *State ex rel. Baumann v. Doder*, 121 S.W.2d 263, 265 (Mo.App.1938), which remains in force only until repelled by contrary evidence, *Branstetter v. Gerdeman*, 364 Mo. 1230, 274 S.W.2d 240, 247 (Mo. 1955). While a rebuttable presumption may not be destroyed or put to flight merely by some contrary evidence on behalf of him against whom it operates, the opposite is true where the contrary evidence is introduced by the party in whose favor the presumption operates. *State ex rel. Baumann v. Doder*, 121 S.W.2d at 265. Where plaintiffs' own evidence supports two inconsistent factual inferences so that sound reason and logic do not point to the defendant's liability to the exclusion of other causes, the plaintiffs' case is not established by legitimate proof and a verdict based upon such inconsistent proof cannot stand. *Davis v. St. Louis Public Service Co.*, 316 S.W.2d 494, 497 (Mo.1958); *Pierce v. St. Louis Public Service Co.*, 380 S.W.2d 943, 947 (Mo.App.1964).

The case of *Franklin v. Farmers Mutual Insurance Co.*, 627 S.W.2d 110 (Mo.App. 1982), cited by the majority in support of its conclusion that the evidence made a submissible case, is easily distinguishable. In *Franklin*, plaintiffs' evidence was totally consistent with damage from windstorm alone. It was only the *defendants'* evidence which introduced the possibility of snow accumulation as a causative factor. Here it was plaintiffs' own testimony which

controverted the inference upon which they now rely.

This case is also distinguishable from the case of *Hahn v. M.F.A. Insurance Co.*, 616 S.W.2d 574 (Mo.App.1981). In *Hahn*, although plaintiffs' evidence showed that faulty construction plus accumulated snow may have been factors in causing the collapse of a roof, plaintiffs introduced expert opinion testimony that "the direct cause of the failure was due to wind pressure on the roof, ..." and that "the structure was strong enough to stand the snow without the wind." *Id.* at 575. Here, plaintiffs introduced no evidence of any kind to establish causation except the inference arising from the coincident existence of high winds and the collapse of the roof. As stated, this inference is controverted, and its sufficiency as a foundation for a submissible case destroyed, by plaintiffs' own evidence of a different cause for the collapse. This cause was not within the coverage of the insurance policy.

I would sustain defendant's challenges both to the submissibility of plaintiffs' case, and to the overruling of its motions for directed verdict and judgment notwithstanding the verdict.