**Nide COBB, Jr., Plaintiff-Respondent,**

v.

**Robert Earl COSBY, Defendant-Appellant.**

**No. 32333.**

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 21, 1967.

Application to Transfer Denied
March 13, 1967.

Eaker, Dempsey & Dempsey, Lloyd E. Eaker and Robert W. Henry, Clayton, for appellant.

Mogab & Hughes, Richard L. Hughes, St. Louis, for respondent.

TOWNSEND, Commissioner.

In this rear-end collision action, plaintiff sues for damages in two counts. Count I alleges personal injuries and diminution in the value of his automobile. Count II grounds his claim upon medical bills incurred in the treatment of his wife and upon loss of consortium. He prays for judgment of $5000 under each count. The wife is not a party to the action and did not appear as a witness.

At the trial the plaintiff testified as to the nature of his personal injuries and as to his pain, starting the day after the collision and continuing sporadically up to the time of trial. He is no longer able to carry paper in boxes, a part of his employment duties, as he did before the accident, because of pain in the lower part of his back. He cannot run or jump "like I used to * * * the lower part of my back starts hurting." If he stands or sits in one position for a long time his legs have a tendency to get numb. He testified also regarding the loss suffered in the wrecking of his car resultant upon the collision. Plaintiff's attending physician gave testimony as to his examination of plaintiff, the character of the latter's injuries, his diagnosis and treatment of plaintiff and his professional charges therefor. Five days after his first examination, plaintiff was again examined by his physician; at that time he complained of low back pain and he had a sciatic radiation down both legs to the knee. The physical findings "revealed sprain and contusions of the cervical and lumbar spine, traumatic and recent." Two days before trial the doctor found that plaintiff had limited full flexion in bending and there was limitation of motion in straight leg raising. These limitations and pain in the low back were consistent with the trauma reported to the physician upon the first examination almost two years before. Counsel then queried: " * * * do you have an opinion with reasonable medical certainty whether or not Mr. Cobb's present condition, lumbar sprain, is a permanent condition because the back pain has persisted on a steady basis?" Answer: "Particularly for that reason, it will be two years in May, I will have to assume that it is permanent."

Plaintiff gave testimony regarding the circumstances of the collision and the consequent conveyance by ambulance of his wife and children to the hospital where they were examined (although plaintiff was

not); in a short time—"about an hour or longer"—they were released and allowed to go home. Charges by the hospital totalled $78. The next day his wife "complained of her neck and her back and her shoulders". On the second day after the collision both husband and wife went to their doctor's office where both were examined. The court sustained objections to questions put to plaintiff relating to his wife's injuries as it later did to questions put to the physician regarding the wife's complaints and his diagnosis of her condition. However the physician was permitted to testify to the number of times (thirteen) he had seen the wife "in relation to the accident", his professional fees for her visits including charges for X-rays and his opinion that "there was a causal relationship between the rear end collision and her condition." The only evidence offered on the loss of services was plaintiff's testimony that his wife was not able to do the wash by herself as before the collision and that he now helped her with the laundry. Plaintiff's wife was about four months pregnant at the time of the collision and was delivered without difficulty.

At a conference between counsel and Court in chambers, the Court dictated into the record:

"Let the record show that * * * by further agreement of counsel Verdict Form 32.02, Modified, will be submitted to the jury, reserving the right of Mr. Eaker to appeal on the theory that plaintiff has failed to make a case of loss of consortium. Let the record further show that, by agreement of counsel, the damage Instruction M.A.I. 4.01 can be used without inclusion to cover all elements of damage, and that plaintiff will be permitted to argue, by agreement of counsel, the questions of personal injuries to the plaintiff, property damage loss on behalf of plaintiff, loss of consortium and services, and medical bills on behalf of plaintiff's wife during his closing argument."

The Court gave the verdict directing rear-end collision instruction as found in MAI 17.16 and the general damage instruction, MAI 4.01. Instruction No. 7 embodied MAI 32.02, modified; under Forms of Verdict it read:

"If all of you agree upon a verdict for plaintiff, it may be in the following form:

'We, the jury, find the issues in favor of the plaintiff and assess plaintiff's damages as follows:

For personal injuries $—— (here insert the amount or if none write the word 'none').

For property damages $—— (here insert the amount or if none write the word 'none').

For loss of services of his wife and medical expenses incurred by him in her behalf $—— (here insert the amount or if none write the word 'none').' * * *

THESE FORMS ARE GIVEN FOR GUIDANCE ONLY AND YOUR VERDICT SHOULD BE WRITTEN ON A SEPARATE PAPER, AND NOT ON ONE OF THESE INSTRUCTIONS."

The jury returned the following verdict:

"We, the Jury, find the issues in favor of the plaintiff and assess the plaintiff's damages to the extent of $2500.00;

(Signed) Cloycel E. Matheny,
Foreman."

Upon appeal, the defendant contends that the giving of Instruction No. 7 was error in that there was no evidence to support the items of loss of wife's services and of her medical expenses and that in any event the judgment cannot be sustained because the verdict did not state the amount awarded for plaintiff's injuries, or the amount for his property damage or the amount for loss of consortium, all matters appropriately preserved by defendant's motion for a new trial.

Defendant's complaint that there was no evidence which justified submission

under Count II of the petition cannot be sustained. Clearly the evidence under this head was scanty but as to medical expenses it was quite definite. Insofar as loss of services and medical expenses were lumped together as one item under Instruction No. 7, defendant is precluded from complaining now about such a combination because he acquiesced in the use of that form.

The chief complaint of defendant relates to the failure of the verdict to conform to the requirements of Supreme Court Rule 71.06. That rule provides:

"When both damages for personal injuries and damages to property are allowed by the jury, the verdict shall state separately the amount allowed for the aggregate of the items of damage connected with the personal injury and the amount allowed for the aggregate of the items of damage connected with the injury to the property."

Obviously the verdict does not tell upon what ground or grounds the jury determined the amount of plaintiff's damages.

■ We think it is a necessary corollary to the stated rule that where damages for both personal injuries and property damage are prayed and submitted it is the duty of the court to instruct the jury that it shall state the amount awarded in respect of each, including none if such be the case.[1] Recognition of this corollary is found in MAI 32.02, except to the extent that permissiveness may be found explicit in its wording.

■ Plaintiff's brief argues that the use of the word "may" in MAI 32.02 ("* * * it may be in the following form") told the jury that while it might use the stated form it did not have to do so, that the jury followed the instructions given it (presumably in MAI 4.01), that the verdict was a general one and that under such circumstances a verdict will not be held

reversibly defective unless it is in reality "no verdict". It cannot be admitted that the word "may" renders ambiguous the verdict form in MAI 32.02. The very word clearly indicates its non-compulsive character. However even though that form be regarded as not mandatory and so permits a departure from it, still the command of Rule 71.06 will persist. And Rule 71.06 can be complied with even though there be a departure from the form of MAI 32.02; the verdict might read: "We the jury find the issues in favor of plaintiff and award him $—— for personal injuries and $—— for damage to his car." As long as Rule 71.06 exists, it is the duty of the court to instruct with respect to its requirements where appropriate and to see that the verdict conforms to the rule, when applicable. That plainly was not done in the instant case, the Court evidently relying upon MAI 32.02 to cover the ground.

■ Here the command of Rule 71.06 was not honored. What was the effect upon the verdict of such non-compliance? The verdict was received by the court and judgment entered thereon. There is nothing in the record to show that the defendant made any objection to it until he filed his motion for a new trial.

Various Missouri cases speak in terms of the duty of court and counsel to cause the correction of defects in the verdict. See Jordan v. St. Joseph R., L., H. & P. Co., 335 Mo. 319, 73 S.W.2d 205. Thus it is stated in Cable v. Metropolitan Life Ins. Co., 233 Mo.App. 1093, 128 S.W.2d 1123, 1127: "If the defendant had called the attention of the trial judge to any infirmity in the verdict at the time the verdict was returned, as it had right to do * * *, he could have returned the jury to its room to further consider the verdict. * * * It must be remembered this appeal is legally a charge that the circuit judge committed

---

1. It involves no intellectual difficulty to extend the rule of 71.06 to cover the situation where, as here, a third ground of recovery is added and submitted, name-

ly, the cost of the wife's medical treatment. In any event the stated requirement of 71.06 is not eliminated by submitting the third ground.

error prejudicial to the defendant. Manifestly, it would be unfair to convict such judge of an error on account of a ruling to which the defendant did not object at the time." Further to the point of counsel's duty is Johnson v. Girvin's Estate, Mo.App., 370 S.W.2d 163, 167: "It is the duty of a trial court to examine the verdict when it is returned; and, if such verdict is found to be insufficient as to form, ambiguous, or inconsistent, the court should require the jury to correct it * * *. *Needless to say, it is counsel's duty to call the attention of the court to any inconsistency or irregularity in such verdict.*" (Our emphasis.)

The precise question which we now have before us was considered and ruled upon by the Springfield Court of Appeals in Bunch v. Crader, Mo.App., 369 S.W.2d 768. There the plaintiff sued for personal injuries and for damage to his motor vehicle. There the jury returned a verdict for plaintiff for $1800, without separation of the items of damage. Defendant did not object to the form of the verdict when given to the jury and made no objection to the verdict until he filed his motion for new trial. Upon appeal, he complained of the violation of Rule 71.06. In affirming the judgment for plaintiff, the Court of Appeals held: " * * * unless the verdict is fatally defective as being actually no verdict, the complaining party must make timely and appropriate objections in order to give the trial court opportunity to correct the infirmity before the jury is released."

In other jurisdictions, under similar circumstances, the failure of a defendant to object to the verdict has been denominated Waiver of the Objection and here plaintiff would have us hold that defendant has waived any claim of error. Such in effect was the holding of the appellate court in Bunch v. Crader, supra, although the term "Waiver" was not used in ruling the matter, and we find ourselves in accord with the holding of that court. Having failed to make timely objection, defendant cannot wait until judgment has been entered upon the verdict and then raise the question for the first time in his motion for new trial.

 We cannot find that the verdict for $2500 was excessive. There was medical evidence as to the permanency of plaintiff's injury. Uncontradicted testimony on behalf of plaintiff showed that his obligations for medical and hospital expenses alone totalled $398 and that the loss in respect of his automobile was $183. We do not find that defendant's objections to evidence are substantial. See Missouri Digest, Evidence

Judgment is affirmed.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.