**Glen NUGENT, Appellant,**

**v.**

**HAMILTON & SON, INC., a Corporation, and Gene Lewis, Respondents.**

**No. 52512.**

Supreme Court of Missouri,

Division No. 1.

Sept. 11, 1967.

Jones & Stillman, Kennett and James E. Reeves, Ward & Reeves, Caruthersville, for plaintiff-appellant.

Routh & Turley, Dewey Routh, Rolla, for defendants-respondents.

HOUSER, Commissioner.

Action by Glen Nugent for $600,000 damages for personal injuries and medical expenses alleged to have been sustained as a result of the negligent operation of a tractor-trailer truck owned by defendant

Hamilton & Son, Inc. and driven by defendant Gene Lewis. Following a jury verdict for defendants and the overruling of his motion for new trial plaintiff appealed.

On this appeal plaintiff seeks a reversal of the judgment and a remand for a new trial on two grounds: error in the giving of certain instructions for defendant, and error in refusing to sustain plaintiff's challenge of juror Brown for cause.

Plaintiff submitted his case to the jury by way of a single verdict directing instruction (No. 2) under the humanitarian doctrine, counting upon failure to slacken speed and swerve. Defendants submitted their defense by Instructions Nos. 7, 8 and 9. All of these were converse instructions. We set them out verbatim:

### INSTRUCTION NO. 7

"Your verdict must be for defendants unless you believe:

"First, defendant Lewis knew, or by using the highest degree of care could have known, of plaintiff's position of immediate danger, and

"Second, at the moment when defendant Lewis first knew, or by using the highest degree of care could have known, of plaintiff's position of immediate danger, defendant then had enough time by using such care to have avoided injury to plaintiff by slackening his speed and swerving, and

"Third, defendant Lewis had the means available to him to have avoided injury to plaintiff by slackening his speed and swerving, and

"Fourth, defendant Lewis by using the highest degree of care could have avoided injury to plaintiff by slackening his speed and swerving without endangering himself, and

"Fifth, plaintiff sustained damage as a direct result of defendant's conduct."

### INSTRUCTION NO. 8

"Your verdict must be for defendants unless you believe that defendant Lewis by using the highest degree of care could have avoided injury to plaintiff by slackening his speed and swerving without endangering himself."

### INSTRUCTION NO. 9

"Your verdict must be for defendants unless you believe that at the moment defendant Lewis first knew, or by using the highest degree of care could have known, of plaintiff's position of immediate danger, defendant Lewis then had enough time by using such care to have avoided injury to plaintiff by slackening his speed and swerving."

Plaintiff's first point is that the court erred in giving these three instructions because plaintiff submitted only one verdict directing instruction; that Nos. 7, 8 and 9 were verdict directing instructions which conversed No. 2 in three different ways, in violation of MAI No. 29.01 and Notes on Use of converse instructions under MAI No. 29.03, p. 251.

The General Comment on Converse Instructions, MAI No. 29.01, p. 245, states that "A defendant is entitled to *a* converse of plaintiff's verdict directing instruction." (Our emphasis.) Under Notes on Use, p. 249, it is clearly stated that:

"When plaintiff submits two separate verdict directing instructions, defendant may converse each such submission with any of the approved converse instruction forms. Defendant may give only *one* converse for each verdict directing instruction."

Number 7 conversed every element of No. 2 except the element of immediate danger. Number 8 then repetitiously conversed (for the second time) the element of ability to avoid injury by slackening speed and swerving. Number 9 then repetitiously conversed (for the second time) the ele-

ment of defendant's knowledge of plaintiff's position of immediate danger, and conversed (for the second time) the element of adequate time within which to act.

■ Numbers 8 and 9 clearly violate both the letter and the spirit of MAI No. 29.01 and the positive direction that ONLY ONE CONVERSE INSTRUCTION MAY BE GIVEN FOR EACH VERDICT DIRECTING INSTRUCTION. Slight deviations and inconsequential departures from MAI may be countenanced in some circumstances see Johnson v. West, Mo.Sup., 416 S.W.2d 162, but the giving of three converse instructions in response to one verdict directing instruction is a clear disregard of the mandate of MAI. This violation may not be condoned and constituted error. Under Civil Rule 70.01(c), V.A.M.R. it is our duty to judicially determine its prejudicial effect.

■ One of the main objectives of the reform movement which culminated in the MAI form book, with its specific directions for use, was to avoid the "sheer volume of words" which it was recognized might in itself be confusing to a juror, by cutting the instructions to the bare essentials. MAI XVII. Numbers 8 and 9 did not constitute a misstatement or misdirection of law. Obviously, however, they were not given to clarify, simplify and inform in a concise manner, but to forcefully hammer home the defense in the minds of the jurors for the purpose of gaining for the defendants an added advantage. It is our conclusion that Nos. 8 and 9 were calculated to confuse and mislead by overemphasizing the defense and that the giving of three converse instructions in response to one verdict directing instruction, contrary to the specific direction of MAI, constituted error prejudicial to plaintiff. To rule otherwise in this situation would be to emasculate MAI No. 29.01 and the last sentence of the Notes on Use on page 249.

■ The cases cited by defendants, which hold that the giving of repetitious instructions does not constitute reversible error unless it plainly appears that they were in fact calculated to confuse and mislead, do not involve converse instructions given under MAI. The instructions in Harrison v. Bence, Mo.Sup., 270 S.W. 363, related to the scope of the employment of the defendant's chauffeur and the court, in upholding the judgment, commented that the evidence was all one way and the jury could not well have returned any other verdict. The court further recognized the general rule that "The purpose of instructing a jury is to aid them in arriving at a proper verdict, and in order to accomplish the desired purpose instructions should not be repeated, but when once given, presenting a particular theory of a case, no other instruction should present the same theory, as this would destroy their very purpose and mystify, confuse and mislead the jury." 270 S.W., l. c. 364 [2]. In Harris v. St. Louis Pub. Serv. Co., Mo. Sup., 270 S.W.2d 850, multiple instructions were not involved; the appellant was complaining of repetition within the body of a single instruction. The matter repeated was the degree of care required of defendant. In upholding the instruction it was noted that it was neither lengthy, complex nor verbose; that there was no undue repetition, and that as written it could not have confused or mislead the jury or materially affected the merits of the case. In Dudeck v. Ellis, Mo.Sup., 399 S.W.2d 80, the court was concerned with a charge of repetition and under emphasis on questions of reliction, recession and accretion in a quiet title action. There were numerous parties, and cross claims and a third-party procedure. The issues were complicated. Some repetition was inevitable. The court found no undue repetition or emphasis under the circumstances and that the instructions were not calculated to confuse or mislead. These rulings are not governing in an MAI situation, in which bench and bar are directed to follow certain forms

and adopt prescribed procedures in the giving of instructions. From and after January 1, 1965 our former rules relating to repetition in instructions must be read in the light of the reformation occasioned by MAI.

Since the cause must be remanded on the first point we need not consider the further point that the court erred in overruling plaintiff's challenge of juror Brown for cause.

Judgment reversed and cause remanded for a new trial.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., and SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.