**Lois WHITING, Plaintiff-Appellant,**

v.

**UNITED FARM AGENCY, INC.,
Defendant-Respondent.**

No. 12273.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 1, 1982.

James E. Curry, Ava, for plaintiff-appellant.

Daniel P. Wade, Grant Q. Haden, Wade & Haden, Ava, for defendant-respondent.

GREENE, Presiding Judge.

This is a civil action wherein plaintiff sought the recovery of $10,000 earnest mon-

ey she had deposited with defendant under the terms of a written contract for the purchase of real estate. The case was jury-tried on January 20, 1981, and a verdict in the sum of $10,000 was returned in favor of plaintiff. Defendant filed a motion for new trial alleging, among other things, that the trial court erred in giving the jury instruction No. 8, because such instruction was misleading and confusing, in that it advised the jury how to return a verdict in favor of plaintiff, but did not advise them how to return a verdict in favor of defendant. The trial court sustained the motion for new trial, without specifying why it did so. Plaintiff appealed from the trial court's order. We affirm.

█ When a trial court grants a new trial without specifying on the record the ground or grounds on which the new trial was granted, the presumption is that the ruling was erroneous, and the burden is cast on the respondent on appeal to establish the correctness of the trial court's ruling. *Chappell v. City of Springfield*, 423 S.W.2d 810, 811 (Mo.1968); Rule 84.05(b).[1]

Instruction No. 8 reads as follows:

"You are instructed that nine or more jurors may return a verdict for either party in this case. If all of you agree upon a verdict, your foreman alone will sign it, but if your verdict is returned by nine, or more, and less than twelve jurors, your verdict must be signed by all of the jurors who agree to it.

If you find in favor of plaintiff and find that plaintiff is entitled to damages, your verdict may be in the following form:

'We, the jury, find in favor of plaintiff and against defendant United Farm Agency, Inc., and we assess plaintiff's damage at $_____ (stating the amount).
_____ Foreman.'

If less than twelve jurors return a verdict in this case, you should begin your verdict with the words:

'We, the undersigned jurors, find,' etc., instead of 'We, the jury, find,' etc."

This instruction was evidently intended to be based on an instruction appearing in the 1969 edition of Missouri Approved Jury Instruction (MAI), but deleted from the instruction form the following language:

"If all of you agree upon a verdict in favor of the defendant, it may be in the following form:

We, the jury, find the issues in favor of the defendant.
_____ Foreman."

Even if the instruction had been complete, which it was not, authorization for its use was effectively withdrawn by the Supreme Court of Missouri when it *mandated* the use of MAI 2.04, effective June 1, 1980. MAI 2.04 tells the jury that verdict forms will be furnished to them for their use, including directions for their completion. In addition Notes on Use of MAI 36.01–36.-16 (forms of verdict) also effective June 1, 1980, states that verdict forms are not instructions and the court shall not read them to the jury.

Defendant argues here that instruction No. 8 should not have been given at all, since its use was not approved by the supreme court at time of trial, but since it was, it told the jury how to return a verdict for the plaintiff, but failed to tell them how to return a verdict for defendant, thus presenting a one-sided picture, and leaving the impression that the trial court favored a verdict for plaintiff. Defendant further urges that the trial court, recognizing its error, and realizing that such error resulted in prejudice to defendant, properly sustained its motion for new trial.

Plaintiff, in her brief filed here, candidly admits that the trial court erred in giving instruction No. 8, but contends defendant waived the error by making no objection to the proposed "form of verdict" (instruction No. 8) at the time it was submitted, and by making no objection to the jury verdict when received and recorded, citing *Cobb v. Cosby*, 416 S.W.2d 222, 225–226 (Mo.App. 1967) as authority for her position. *Cobb* stands for the proposition that where a

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

party does not object to a verdict when it is received, he cannot raise the issue for the first time in a motion for new trial.

In that case, plaintiff-husband sued for personal injuries, property damage, loss of services of his wife, and medical expenses incurred in her behalf, as the result of injuries she received in an automobile accident. The jury was given a form of verdict instruction telling the jury how to return a verdict in these categories. The jury returned a general verdict in favor of plaintiff in the sum of $2500. Defendant's chief complaint, first raised in his motion for new trial, was that the *verdict* did not conform to the requirements of Rule 71.06, which rule stated that where damages for personal injury and property damage are assessed by a jury, the verdict shall state separately such amounts. The appellate court stated that defendant did not question the verdict when it was returned, and therefore waived any claim of error. The appellate court in *Cobb* relied on *Bunch v. Crader*, 369 S.W.2d 768 (Mo.App.1963) as authority for its position.

The doctrine announced in *Cobb v. Cosby*, supra, based on *Bunch v. Crader*, supra, was questioned in *Charles v. Ryan*, 618 S.W.2d 220, 223 (Mo.App.1981) where the court observed that it had difficulty rationalizing the holdings in those cases with Rule 70.03 (objections to instructions), which provides, in part, that a specific objection to an instruction in a motion for new trial preserves a claim of error, even if no objection is made at the time the instruction is given, and felt that the mandates of Rule 70.03 governed.

■ We do not have an objection here to the form of verdict returned by the jury, but do have an objection to the *instruction* telling the jury what kind of verdict it could return. *Cobb* and *Bunch* do not apply, under the facts of this case. We hold, by virtue of Rule 70.03, that defendant's specific objection to instruction No. 8, first raised in its motion for new trial, was timely made, and preserved its claim of error.

■ The sole matter before us for review is the trial court's order granting a new trial. Granting of a new trial because an instruction is confusing or misleading is discretionary. The trial judge had the best opportunity to determine the effect of any error and we should defer to his ruling on such issue, absent the showing that he abused his discretion. *Edie v. Carlin*, 369 S.W.2d 610, 613–614 (Mo.App.1963).

■ We are also mindful of the established rule that in reviewing the action of a trial court in granting a new trial, an appellate court is more liberal in upholding such action than it would be if the motion for new trial is denied. This rule applies when a new trial is granted because of error in the giving or refusal of instructions. *Royal Indemnity Company v. Schneider*, 485 S.W.2d 452, 457 (Mo.App.1972).

■ The trial court evidently felt that instruction No. 8 was confusing and misleading and that the giving of such instruction prejudiced defendant. We have no quarrel with such a conclusion, under the facts here, and hold that the granting of a new trial in this case did not amount to an abuse of the trial court's discretion.

Since the case must be retried, we observe that the trial court failed to give mandatory instruction MAI 2.04, which is the proper explanatory instruction as to how a jury may return a verdict, and, on retrial, assume that the trial court will give such instruction.

The order of the trial court granting a new trial is affirmed.

All concur.