**AFFILIATED FOODS, INC., Respondent,**

v.

**Everett STRAUTMAN and Margie Strautman, Appellants.**

**No. WD 33241.**

Missouri Court of Appeals,
Western District.

May 31, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 2, 1983.

Application to Transfer Denied Sept. 20, 1983.

Roger M. Prokes of Strong, Strong & Prokes, Maryville, for appellants.

James O. Turner, St. Joseph, for respondent.

Before SOMERVILLE, C.J., and SHANGLER, DIXON, PRITCHARD, WASSERSTROM, MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is an original action on account. The original petition invoked a responsive answer and counterclaim, alleging breach of contract, intentional breach of contract, usury, conversion, and violation of corporation and cooperative statutes. The case was tried to a jury, which entered its verdict in favor of plaintiff's (Affiliated's) claim and against defendants (Strautmans) on all submitted counterclaims. The trial court entered judgment in accordance with the jury's verdict. The judgment is affirmed.

Appellants, (Everett and Margie Strautman, husband and wife, original defendants) hereinafter referred to as defendants actually present eight points of error. Their point (1) is subdivided into four subpoints, which charge that the trial court erred in submitting two verdict forms (designated Verdict A and Verdict B) upon plaintiff's claim for damages because (1–A) only one verdict-directing instruction was given in plaintiff's packaged instructions which called for a verdict against defendants when there existed a fact issue as to whether one or both defendants owed the plaintiff all or any of the claimed monies; (1–B) this submission violated M.A.I. 2.00 (1981 Revised) which specifies each packaged claim shall contain the verdict form, because the use of multiple verdict forms would result in confusion; (1–C) verdict form A is identical to verdict form B and by the submission of two identical instructions, the jury was unduly prejudiced by the suggestiveness and duplicity of the verdict forms; and (1–D) the plaintiff failed to amend its petition during trial or prior to submission of the case to the jury or after judgment to conform to the facts presented at trial in any way that justified the court's submitting verdict form B, which called for the possibility of judgment against other than defendants jointly. Point (2) charges that the trial court erred in submitting either verdict form A or verdict form B in that both of these, which appear to be modifications of M.A.I. 36.05, in the "note" portion, call for the completion of the remainder of the instruction "if one or more of the above findings is in favor of plaintiff". It is argued that since there is only one possible finding to make in favor of the plaintiff, this would erroneously cause the jurors to look back to an earlier instruction and upon finding one issue in favor of the plaintiffs, could cause the jury to complete the remainder of the verdict form against a defendant or defendants. Point (3) charges the trial court erred in submitting yet another instruction, which was M.A.I. 3.01 in that this instruction, as submitted, included the words "or defense" which are words only to be included if an affirmative defense has been submitted which was not done in this case. In their final point (4),

defendants charge that the trial court erred in not setting aside the judgment because errors within the jury instructions were prejudicial as evidenced by the fact that the jury disregarded uncontradicted evidence submitted by defendants that should have properly decreased or avoided damages being assessed against the defendant, either individually or jointly.

Prior to trial, the parties stipulated to the following. Affiliated (hereinafter plaintiff) delivered groceries and produce items to a store in Tarkio, Missouri and to a store in Craig, Missouri; that plaintiff admitted to owing $9,830.25 on the Craig store and the sum of $6,466.77 on the Tarkio store in the form of patronage certificates. Prior to trial, plaintiff amended its petition by increasing its prayer to the sum of $51,424.33 against defendants.

Plaintiff is a wholesale grocery warehouse, incorporated under the laws of Missouri. Plaintiff services about 400 member grocers in Missouri, Kansas, Iowa, Nebraska, and Illinois. It operates as a cooperative. Member grocers who participate must own ten shares of stock at $100 per share for a total of $1,000. The stock is privately held and is accompanied by voting privileges for the members. On an annual basis, 90% of plaintiff's profits are distributed to its members. This distribution is paid as 20% cash and the remainder (80%) in the form of patronage certificates which are redeemable ten years after the issuance date. The patronage of any particular member is prorated, based upon the amount of business done by that member with plaintiff, and upon maturity, is either redeemed for cash with interest or applied against any amounts owed the plaintiff by the member. Interest is paid on the patronage certificates at a 5% annual rate and is paid to active members. When a member becomes inactive, it loses the patronage rights. On unpaid balances, plaintiff charges late charges at the rate of .25% per week. This rate has been recently increased to .35% per week.

The vice-president and treasurer for plaintiff testified that a total of $18,304.45 was owed plaintiff by the Tarkio store and a sum of $44,119.88 was owed plaintiff by the Craig store. These claimed balances included late charges. This witness further testified that statements mailed to defendants showed balances substantially higher than the amounts claimed in this action because certain credits due defendants had not been given when the statements were mailed. This witness stated that both defendants were considered member patrons and that plaintiff, at its option, could apply any portion or all of the amount of the members' patronage certificates to any indebtedness owed by that member patron. This witness also stated that plaintiff was holding monies in the form of patronage from defendants for a period up to ten years, but was demanding payment of current debts. He said that something over $200 in cash was due the owner of the Craig store and this figure was not reflected in his total figures.

The president of plaintiff testified that the stock certificates issued to defendants in joint tenancy had a face value of $2,000. He stated that efforts to clear defendants' delinquent accounts, both in person and by phone, proved unsuccessful and that plaintiff ultimately terminated delivery of groceries and produce to defendants.

Defendant Everett Strautman testified that the Tarkio store was owned by him and his wife, they had built it in 1951, and that they jointly bought groceries and produce from plaintiff. He further stated that there was an on-going dispute with plaintiff concerning ownership of the Craig store. He stated his wife owned the Craig store individually, having inherited it from her father, and that plaintiff had failed to change its documentation to reflect the individual ownership of the Craig store.

Defendant Margie Strautman testified that she continued to own the Craig store approximately seven months after plaintiff terminated delivery and suffered an approximate $9,000 loss per month before she sold it. These losses were a consequence of diminished patronage due to the inability of another wholesaler to supply the full range

of produce choice previously provided by plaintiff. She also stated that plaintiff continued to charge the .25% per week late charge after deliveries ceased, and that plaintiff unilaterally stopped paying interest on a security deposit made by defendants for the years 1972–73. She further stated that between February 21, 1975 and July 2, 1979, late charge interest was imposed on the Tarkio store in the sum of $7,901.46, and the same charge was imposed on the Craig store in the sum of $7,853.44. At the close of the evidence, plaintiff submitted its claim for monies owed and defendants submitted four counterclaims.

Upon submission, the following instructions and verdict forms were given the jury:

### INSTRUCTION NO. 3

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim or defense depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.
MAI 3.01

### INSTRUCTION NO. 4

In returning your verdicts you will form beliefs as to the facts. The court does not mean to assume as true any fact referred to in these instructions but leaves it to you to determine what the facts are.
MAI 2.02

### INSTRUCTION NO. 5

There are 5 claims submitted to you and each of them contains a separate verdict form. The verdict forms included in these instructions contains directions for completion and will allow you to return the permissible verdicts in this case. Nine or more of you must agree in order to return any verdict. A verdict must be signed by each juror who agrees to it.
MAI 2.04

### INSTRUCTION NO. 6

Instructions 6 through 9 and general instructions 1 through 5 apply to the claim of plaintiff, Affiliated Foods, Inc., for its account. Use Verdict A or Verdict B to return your verdict on this claim.
MAI 2.05 (1980 New)

### INSTRUCTION NO. 7

Your verdict must be for plaintiff if you believe:
First, at defendants' request plaintiff furnished to defendants certain grocery products and produce between March, 1973 and November, 1979, and
Second, plaintiff charged a total of $51,424.33 for such goods, and
Third, plaintiff's charges were reasonable.
MAI 26.03

### INSTRUCTION NO. 8

If you find in favor of plaintiff, then you must award plaintiff the reasonable value of the goods furnished.
MAI 4.04

### VERDICT A

Note: Complete this form by writing in the names required by your verdict.

On this claim of plaintiff, Affiliated Foods, Inc., for its account against defendants, Everett Strautman and Margie Strautman, we, the undersigned jurors, find in favor of:

(Plaintiff, Affiliated Foods, Inc.) or (Defendants, Everett Stroutman [sic] and Margie Stroutman [sic])

Note: Complete the following paragraph only if one or more of the above findings is in favor of plaintiff, Affiliated Foods, Inc.

We, the undersigned jurors, assess the damages of plaintiff, Affiliated Foods, Inc., for its account at $——— (stating the amount).

### VERDICT B

Note: Complete this form by writing in the name(s) required by your verdict.

On the claim of plaintiff, Affiliated Foods, Inc., for its account against defendant, Margie Strautman, we, the undersigned jurors, find in favor of:

Affiliated Foods, Inc. (as completed by jurors)

| (Plaintiff, Affiliated Foods, Inc.) | or | (Defendant, Margie Stroutman [sic]) |
|---|---|---|

Note: Complete the following paragraph only if one or more of the above findings is in favor of plaintiff, Affiliated Foods, Inc.

We, the undersigned jurors, assess the damages of plaintiff, Affiliated Foods, Inc., for its account at $33,119.88 (as completed by jurors) (stating the amount).

On the claim of plaintiff, Affiliated Foods, Inc., for its account against defendants, Everett Strautman and Margie Strautman, we the undersigned jurors, find in favor of:

Affiliated Foods, Inc. (as completed by jurors)

| (Plaintiff, Affiliated Foods, Inc.) | or | (Defendants, Everett Strautman and Margie Strautman) |
|---|---|---|

Note: Complete the following paragraph only if one or more of the above findings is in favor of plaintiff, Affiliated Foods, Inc.

We the undersigned jurors, assess the damages of plaintiff, Affiliated Foods, Inc., for its account at $18,304.45 (as completed by jurors) (stating the amount).

Before discussing defendants' charged errors individually, the parameters of their initial argument and the broad applicable rules and principles deserve attention. It is defendants' basic position that the trial court erred in its submission of two damage verdict forms (A & B above) because only one verdict-directing instruction was given

and "an issue of fact existed as to whether one or both defendants owed the plaintiff any or all the requested money." Defendants charge that the submission violated M.A.I. 2.00 (1981 Revised), which specifies that each packaged claim shall contain the verdict form so as to avoid confusion which might result from multiple verdict forms. Defendants further contend that verdict form A is identical to the second half of verdict form B, that the jury was prejudiced by the duplicity and suggestiveness of the verdict forms, and that neither the verdict-directing instruction nor any other instruction directed the jury "as to which verdict form to use, why separate verdict forms were given or how to use the separate verdict forms."

In addressing the issues presented to this court, we are reminded of Rule 70.02. The relevant portion of that rule [70.02(a)] reads, "all instructions shall be simple, brief, impartial, free from argument and shall not submit to the jury or require findings of detailed evidentiary facts." The further dictates of that same rule [70.02(c)] provide: "The giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined. However, the use of an approved instruction or the following notes on use before the effective date shall not be presumed to be error."

Our courts have ruled that confusing or misleading jury instructions are prejudicially erroneous. *Shurtz v. Jost,* 597 S.W.2d 652 (Mo.App.1979). However, before the rule in *Shurtz* is made applicable, the basic question whether jury instructions are confusing is in the first instance addressed to the trial court's discretion. *Deskin v. Brewer,* 590 S.W.2d 392, 401 (Mo.App. 1979). The rationale of this approach is that the trial judge has the best opportunity to determine whether an instruction is misleading or confusing and upon review, rulings thereon will not be disturbed absent a showing of an abuse of that discretion. *Whiting v. United Farm Agency, Inc.,* 628 S.W.2d 407, 409 (Mo.App.1981). A concurrent principle relative to making a determi-

nation as to whether there has been an abuse of discretion is that the reviewing court is permitted to believe that the jury was composed of reasonably intelligent people who possess common sense and an average understanding of the English language. *Executive Jet Management, Inc. v. Scott,* 629 S.W.2d 598, 608 (Mo.App.1982); *Deskin, supra.*

■ In addition to the foregoing and in considering the merits of defendants' arguments, we note that verdict forms are not treated as instructions. *Whiting* at 408. This creates a real question as to the applicability of our decisional law holding that deviations from M.A.I. are presumed to be prejudicial error. *Whiting* at 408. See also *Murphy v. Land,* 420 S.W.2d 505 (Mo.1967) for the general rule as to the effect of deviation.

In the instant case, the applicability of the "non-deviation rule" is further undermined upon examination of the general comments within the 1981 revision of M.A.I. 2.00(B) and (C). Those comments, directed to the need for better organized instructions in complex litigation, point out that "the primary purpose of 'packaging' is to aid the jury in complex litigation in moving through the instructions and thus through their deliberations from one claim to another in an organized and understandable manner." These same comments further point out that " 'packaging' is designed to simplify the submission of complex cases. In a simple case, where only one claim is involved, 'packaging' is not necessary and to require its use in such a case would only serve to complicate the system. At the same time, *the court does not wish to create a trap for the unwary by drawing technical distinctions as to when 'packaging' is or is not required. As discussed in § D hereof, the basis for 'packaging' (by claim or otherwise) is for the determination of the trial judge based on what will present the case to the jury in a manner which will best allow them to consider all the issues in the case in an organized, understandable and comprehensible manner."* (emphasis added).

The foregoing comments are further enhanced by the following conclusion in M.A.I. 2.00(G):

"The unique virtue of the MAI system is the recognition that the primary purpose of the instructions in a case is to convey to the jury the law applicable to the case in an understandable, non-argumentative and non-technical manner. 'Packaging' is designed to help meet this goal. No rigid set of specific rules can insure understanding and comprehension for every juror and every type of complex case. *'Packaging' is not intended to be a rigid set of rules; it is a tool for lawyers and judges to use with judgment and with consideration for all the facts and circumstances involved in the particular case.* If 'packaging' is misused as a tool of advocacy to benefit one party and to the detriment of another, it will not serve the purpose for which it is designed. When lawyers and judges use 'packaging' in a bona fide effort to present the jury with an organized, understandable and comprehensible set of instructions, it will serve as a major step forward in improving and perfecting the MAI system to meet the demands of modern litigation." (Emphasis added)

With the foregoing as a basic framework, attention is now directed to defendants' point (1–A) wherein they challenge the omission of a separate verdict-directing instruction on the premise that it failed to provide guidance for the jury in the completion of verdict form B. At this point, it must be noted that the jury found in favor of plaintiff against defendant Margie Strautman individually in the sum of $33,119.88 and for plaintiff and against both defendants (jointly) in the sum of $18,304.45.

In support of their argument under this subpoint, defendants offer the committee illustration to MAI 35.05 (1979) as "an example of how instructions should be handled where there are multiple defendants and the court determines that it is necessary to submit more than one verdict form." Defendants observe further, "for each pro-

posed verdict form there is a corresponding verdict-directing instruction." To further their argument upon this point, defendants reassert, "there is no guidance whatsoever to the jurors in how to complete verdict form B." They state that "[t]he only verdict director, Instruction no. 7, provides that a verdict must be entered for the plaintiff if it is found that at Defendants' request Plaintiff furnished to Defendants certain grocery products and that the Plaintiff charged a total of $51,424.33 for the products and that the charges were reasonable, the jury completed Verdict Form B. Implicit in the completion of Verdict Form B is that the jury found that both Defendants did not owe money to the Plaintiff. This is not in keeping with the instructions given the jurors in Instruction No. 7."

In considering defendants' contention, we note first the preface to the Committee Illustration to 35.05 which states, "THIS ILLUSTRATION CONTAINS INSTRUCTIONS WHICH ARE RECOMMENDED BY THE MAI COMMITTEE BUT WHICH ARE NEITHER APPROVED NOR DISAPPROVED BY THE COURT."

The use of instructions provided in M.A.I. 35.05 is discretionary and by virtue of that inquiry, attention becomes focused on whether the trial court abused its discretion by and in the manner in which it provided the two challenged verdict forms to the jury. Our state Supreme Court in *Morse v. Johnson,* 594 S.W.2d 610, 615 (Mo. banc 1980) was confronted with the contention that forms of verdict proposed by the trial judge "were confusing and misleading, failed to resolve the issues as to all parties, failed to follow M.A.I. 36.05, resulted in judgments that are excessive, ambiguous and unsupported by the evidence and allowed respondent a double recovery." In its determination of the issue, the court set forth the following general rules:

"(1) That the verdict must be clear and unambiguous so that a judgment may be written upon it without resorting to inference or to construction; (2) that if from a consideration of the whole record the meaning of the jury can be made

clear and the judgment is based upon what the jury actually found, it will be upheld; (3) that verdicts should be construed to give them effect if it can reasonably be done; (4) that the jury's intent is to be arrived at by regarding the verdict liberally and (5) although defective in form, if a verdict substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party, it is sufficiently certain."

*Morse* provides us with principles relevant to the instant case. In applying those principles, we determine that it cannot be concluded upon consideration of the record as a whole, that the trial court abused its discretion in submitting Instruction No. 7 (verdict director) and in providing the jury with verdict forms A and B. As pointed out above, plaintiff's total claim was for $51,424.33. This figure was derived and agreed upon by a stipulation of fact and represented the claimed cost of delivered groceries and produce to defendants. The evidence shows that these delivered items were itemized by invoice code numbers to the Tarkio and Craig stores. The net billing revealed an amount claimed against the Tarkio store of $18,304.45 and against the Craig store of $33,119.88. Joint ownership of the Tarkio store was admitted by defendants. They denied joint ownership of the Craig store, testifying that defendant Margie Strautman was sole owner of the Craig store. Thus, a fact issue was drawn relative to the ownership of the Craig store. Verdict form B, upon plaintiff's request, was submitted to address this fact issue.

Review of the jury verdict reveals that it believed defendants' testimony on the issue of ownership as it found for the plaintiff and against defendant Margie Strautman in the sum of $33,119.88 on the Craig store, which was plaintiff's claim against the Craig store. The jury then found for plaintiff and against both defendants in the sum of $18,304.45 on the Tarkio store which was plaintiff's claim against the Tarkio store. Plaintiff's position was that it had a total claim of $51,424.33 against both defendants.

Defendants claimed they owed plaintiff nothing, but if found to owe anything defendant Everett Strautman could not be held liable for the claim against the Craig store. The jury obviously agreed with the latter position and this was reflected in its verdict.

Applying the principles set forth in *Morse* and upon consideration of the whole record, it is obvious that the meaning of the jury was both clear and consistent with the evidence adduced at trial. While it might be that defendants' suggestion concerning use of M.A.I. 35.05 could be considered a better practice, the failure to do so could at best be considered harmless error and an insufficient ground for reversal. *Gant v. Hanks,* 614 S.W.2d 740, 743 (Mo.App.1981) and *McGowan v. Hoffman,* 609 S.W.2d 160 (Mo. App.1980). There is no merit to defendants' subpoint (1–A) and it is ruled against them.

■ Under their second subpoint (1–B), defendants charge that the trial court erred in submitting verdict forms A and B as violative of the "packaging" provisions of M.A.I. 2.00 B. As we noted above, the general comments to M.A.I. 2.00 expressly declare that "packaging is not ... a rigid set of rules, it is a tool for lawyers and judges to use with judgment and with consideration for all the facts and circumstances involved in the particular case." Considering the foregoing declaration, it appears to subject a trial court's action in the submission of the two verdict forms to that line of cases which hold that the presumption of prejudice from deviations from approved instructions is inoperable and the burden of showing prejudice rests upon the party who appeals the adverse verdict. *VanDyke v. Major Tractor and Equipment Co.,* 557 S.W.2d 11, 13 (Mo.App.1977). Defendants' invocation of the principle within Rule 70.02(c), which holds that "the giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined" does not find application to the instant case.

Defendants offer the bare assertion that the trial court's failure to follow M.A.I. 2.00 created an inherently confusing situation. We cannot agree with this assertion upon a review of the entire record. But assuming arguendo, that we did think the provision of the two verdict forms was confusing, our determination would first be directed to the discretion of the trial court in the matter. Nothing upon the instant record reveals that the trial court abused its discretion, *Whiting, supra,* nor is there anything upon the instant record to reveal that the jury was composed of other than reasonably intelligent people. *Executive* and *Deskin, supra.* Defendants' subpoint 1–B is found to be without merit and is ruled against them.

■ Under their subpoint 1–C, defendants charge that the trial court erred in the submission of verdict forms A and B in that the second half of form B and form A are identical and the jury was unduly prejudiced by the duplicity of the verdict forms. Defendants cite to the court *Nugent v. Hamilton & Son, Inc.,* 417 S.W.2d 939 (Mo. 1967), which rules that "in a MAI situation in which bench and bar are directed to follow certain forms and adopt prescribed procedures in the giving of instructions ... our former rule relating to repetition in instructions must be read in light of the reformation occasioned by MAI." *Nugent* at 941.

*Nugent* does not control herein. *Nugent* involved mandatory converse instructions and not verdict forms as involved in the instant case. As we noted earlier, the provision of these verdict forms under M.A.I. 2.00 is subject to the rule that the burden of showing prejudice rests upon the appellant. *VanDyke, supra.* We find no prejudice in the case at bar. Subpoint 1–C is found to be without merit and is ruled against defendants.

■ Under their final subpoint (1–D), defendants charge that plaintiff failed to amend its petition to conform to the facts presented at trial so as to justify the submission of verdict form B. Defendants take the position that plaintiff, in its petition, claimed against defendants only joint-

ly and at no time did plaintiff amend its petition or plead alternatively that defendants could be other than jointly liable. Relying upon the principle that the trial court could only instruct on issues prescribed in the pleadings and supported by the evidence, defendants then conclude that verdict form B, which provided for other than joint liability, should not have been submitted.

Defendants overlook a corresponding principle and the one dispositive of their contention, which declares that "a party is entitled to have an instruction on issues pleaded and supported by the evidence on such issues which have been tried voluntarily as by implied consent of the parties so that it is treated as if raised by the pleadings." *Executive* at 607; and *S.P. Personnel Assoc., Etc., v. Hospital B. and E. Co.,* 525 S.W.2d 345, 350 (Mo.App.1975). Review of the instant record reveals the reason for the submission of verdict form B, which was to provide the jury *with a verdict alternative consistent with the evidence offered by both parties.* Plaintiff argues that it never departed from its theory of recovery. The testimony of plaintiff's president reveals that plaintiff sought recovery against both defendants for a total claim of $51,424.33. The evidence reveals that this claim was never abandoned and no alternative theories of recovery were offered or pursued. The verdict forms submitted were consistent with the evidence of both plaintiff and defendants and properly embraced the evidence of all the parties relative to the existence or non-existence of joint liability of the Craig store. There is no merit to defendants' subpoint 1–D and it is ruled against them.

Point (1), including subpoints A, B, C, and D is found to be without merit and is, in its entirety, ruled against defendants.

Under their point (2), defendants challenge the "note" portion of verdict form A, which calls for the completion of the instruction if one or more of the above findings is in favor of plaintiff. Defendants argue that since there was only one possible finding to make in favor of the plaintiff,

the "note" would erroneously cause the jurors to look back on previous instructions and upon finding an issue in favor of the plaintiff, could cause the jury to complete the remainder of the verdict form against a defendant or defendants. Defendants suggest that verdict form A should have read, "Complete the following paragraph if the above finding is in favor of plaintiff, Affiliated Foods, Inc." From their suggestion, defendants hypothesize jury confusion because "on both verdict form A and verdict form B there is only one finding that can be made" and that it can be "concluded that the juror would look for the possible 'or more findings' in earlier instructions . . . most probably instruction no. 7" [verdict director]. Defendants display concern that the jury would focus on isolated portions of the verdict-directing instruction and improperly return a verdict based on evidence proving any element within that instruction.

We again note the doubtful applicability to the verdict forms herein that "there can be no doubt that a person who changes an applicable MAI accepts the burden of showing that no prejudice results from that deviation." *VanDyke,* supra, at 13, citing *Brittain v. Clark,* 462 S.W.2d 153 (Mo.App.1970). The application of the above rule to the instant case is further undermined as a result of defendants' argument in support of an alternative modification. The recognized test and the one that applies herein, is that the determination of the correctness of an instruction rests upon whether the average juror would correctly understand the applicable rules of law. *Beck v. Modern American Life Ins. Co.,* 589 S.W.2d 98, 103 (Mo.App.1979). Concerning modification, we perceive the relevant inquiry to be whether the modification taken as a whole, was confusing or misdirecting. *Golston v. Lincoln Cemetery, Inc.,* 573 S.W.2d 700 (Mo.App.1978). In spite of defendants' suggestions, it is difficult to perceive any merit to their argument that a reasonably intelligent jury would be compelled by the language "one or more" to return a verdict based upon less than all the

elements set forth in the verdict-directing instruction. Nothing in the record suggests this was done. The jury utilized verdict form B and not verdict form A, and even assuming that the M.A.I. 36.05 modification was error, it was harmless error and would be insufficient grounds for reversal. *Gant, supra.*

There is no merit to defendants' point (2) and it is ruled against them.

Under point (3), defendants charge that the trial court erred by its submission of M.A.I. 3.01 [Instruction No. 3], which includes the tail words, "or defense." Defendants contend that the inclusion thereof was error because no affirmative defense was submitted in the case. They further contend that they were prejudiced because this tail placed upon them a burden of proof which, under the law, they were not required to carry with respect to plaintiff's claim for damages. There is no merit to defendant's contention that by use of the term "or defense" that the jury might, on the basis of this instruction, shift to defendants the burden of proving their negative general denial defenses. The reason no such shift would occur is because the defenses were not submitted by an "if you believe" instruction. By use of the term "if you believe" in plaintiff's instructions, the jury was fully apprised that plaintiff had the burden of proof regarding its claim.

M.A.I. 3.01, Notes on Use, provides, "It is no longer necessary to modify the instruction to specifically refer to the burden of proof on an affirmative defense or counterclaim because the second sentence of the instruction covers each party's burden of proof," and further, "use bracketed phrase [i.e. or defense] when an affirmative defense is submitted."

■ While deviation from the use of M.A.I. constitutes error, it falls to the courts to judicially determine the prejudicial effect, if any, thereof. *State ex rel. State Highway, Comm. v. Zahn,* 633 S.W.2d 185, 187 (Mo.App.1982); *Arnel v. Roettgen,* 530 S.W.2d 20, 23 (Mo.App.1975); and Rule 70.02(c).

■ Plaintiff herein bore the burden of proving there was no prejudice by the use of the "tail term" "or defense" to the burden of proof instruction in light of the fact no affirmative defense issue was submitted to the jury. It is concluded that plaintiff met such burden. Instructions must be reviewed in total as submitted to the jury.

Defendants suffered no prejudice as a result of the wording of Instruction No. 3 (M.A.I. 3.01) inclusive of the term "or defense" when that instruction is viewed in light of all the instructions submitted. There is no merit to defendants' point (3) and it is ruled against them.

Under their final point (4), defendants charge that the cumulative effect of the above-cited errors was demonstrably prejudicial as evidenced by the fact that the jurors disregarded uncontradicted evidence of interest monies on the patronage certificates owed defendants that should have been offset as to monies claimed due by plaintiff.

■ In effect, defendants urge this court to weigh the evidence submitted at trial. The determination of whether a verdict is against the weight of the evidence is a matter within the exclusive province of the trial court. *M & A Electric Power Co-op v. Tomlinson,* 608 S.W.2d 571 (Mo. App.1980). This court, upon review, determines that the sufficiency of the evidence supports the verdict. We are also constrained by the principle that this court must consider the evidence most favorable to the plaintiff and give to that evidence the benefit of any favorable inferences which may be reasonably drawn therefrom, while at the same time, disregarding defendants' evidence unless defendants' evidence tends to support the grounds of recovery submitted to the jury. *Franklin v. Farmers Mut. Ins. Co.,* 627 S.W.2d 110 (Mo. App.1982); *Deskin, supra.* This same rule applies to the instant case where the defendant claims the jury rendered an excessive verdict. *Green v. Crunden Martin Mfg. Co.,* 575 S.W.2d 930 (Mo.App.1978).

Without restating the evidence upon plaintiff's claim recited in detail above, it suffices to state that the detailed testimony of the sums claimed, adjustments applicable thereto, proof of delivery, the security deposits and the details surrounding the patronage certificates, leading to plaintiff's net claim against defendants, were matters properly before the jury. Throughout the trial, plaintiff never acknowledged or admitted that the Craig store was owned singularly by defendant Margie Strautman. The evidence established that both defendants had equal and joint ownership in the stock issued by plaintiff, and suggested that the total obligation was the liability of both defendants. Defendants successfully challenged this suggestion as the jury found for defendants and utilized verdict form B. Applying, without restating, the previously announced principles of review, our conclusion is that the jury had sufficient evidence to support the verdict it rendered. Nothing in the record suggests or establishes that the jury was confused or misled by the use and submission of the challenged instructions. Defendants' charge that there was a cumulative effect of errors in the instructions as evidenced by the jurors' disregard of evidence on interest monies on patronage certificates is without substance. There is no merit to defendants' final point (4) and it is ruled against them.

The judgment is affirmed.

PRITCHARD, WASSERSTROM and KENNEDY, JJ., concur.

DIXON, J., dissents in separate dissenting opinion.

SOMERVILLE, C.J., and SHANGLER, J., concur in separate dissenting opinion of DIXON, J.

DIXON, Judge, dissenting.

I dissent from the holding of the majority opinion that the plaintiff has met its burden to demonstrate a lack of prejudice in the conceded error in including "or defense" in the burden of proof instruction. I also conclude that the giving of the two forms of

verdict instructions with the single verdict director was error but in the unusual posture of the evidence in this case was not prejudicial.

The issue with respect to the error in the use of the form of verdicts is plain enough. The verdict director (Instruction 7, set forth in the principal opinion) provided findings necessary to a verdict against *both* defendants. The necessary elements to find against *one* plaintiff for *one* store's account and against *both* defendants on the *other* store's account are not present in that verdict director or any other instruction. The jury's verdict was returned against defendant Margie Strautman on the Craig store account and against defendants Margie Strautman and Everett Strautman on the Tarkio store account. A verdict directing instruction on this theory simply does not exist in this case. Instruction 7 directs a verdict for $51,424.33 against both defendants and requires a finding that both defendants are liable for both accounts. When there are two defendants and the issue of their joint or several responsibility for the account is in issue, the proof and finding must resolve this issue. *Del Monte Corp. v. Stark & Son Wholesale, Inc.,* 474 S.W.2d 854 (Mo.App.1971). The jury's verdict in this case was returned against Margie Strautman on the Craig store account and against Margie Strautman and Everett Strautman on the Tarkio store account without any direction as to the factual findings upon which such a verdict must rest.

The majority opinion recognizes that the issue of joint responsibility for the Craig store account was controverted, but concludes that submission of that issue in the verdict form was within the discretion of the trial judge under the packaging instruction and not misleading under the guidelines set forth in *Shurtz v. Jost,* 597 S.W.2d 652 (Mo.App.1979), and *Morse v. Johnson,* 594 S.W.2d 610 (Mo. banc 1980).

The discussion of discretion in packaging and of misleading and confusing instructions is irrelevant. The jury simply had no proper verdict directing instruction to sup-

port the form of verdict they utilized to return their verdict.

The error is palpable but under the peculiar evidentiary setting of this case it does not require reversal. Defendants and plaintiffs stipulated the invoices for groceries delivered to each store were correct. They admitted the charges for the groceries were reasonable. They admitted Margie Strautman owned the Craig store and Margie Strautman and Everett Strautman owned the Tarkio store. The only dispute in the evidence was as to the calculation of late charges and interest. The jury followed the undisputed evidence as to the allocation of responsibility as to the accounts and the verdict is correct without question on the issue of liability. In this respect the case is remarkably similar to *Mid-Continent National Bank v. DeShong,* 538 S.W.2d 914 (Mo.App.1976), where the jury, despite palpable error, came to the only possible correct result under the evidence.

The issue with respect to the burden of proof instruction is on a different footing under the evidence in the case. The defendants asserted the amounts claimed by plaintiff were erroneous, not by reason of quantity or quality of merchandise, but by reason of improper calculations of amounts for late charges, interest, and various credits.

The majority opinion asserts without any assigned reason that plaintiff met its burden of establishing that no prejudice inhered in the erroneous inclusion of the words "or defense" in the burden of proof instruction. The only justification plaintiff offered in its brief was that defendants had *pleaded* an affirmative defense. No affirmative defense was submitted. Nothing was added at oral argument after the motion for rehearing was granted. Although the prejudicial effect of an instruction submitted in violation of Rule 70 is to be judicially determined, it is the instruction's proponent's burden to make "perfectly clear" that "no prejudice could have resulted from such deviation." *Brown v. St. Louis Public Service Co.,* 421 S.W.2d 255, 259 (Mo. banc

1967). Defendant has offered nothing to carry its burden to demonstrate a lack of prejudice.

The majority argues, *sua sponte,* that no prejudice could occur because the "negative defenses" were not before the jury in the form of an instruction headed "if you believe." A jury cannot be assumed to have the sophistication necessary to distinguish, without instruction, between negative and affirmative defenses. Intelligent lay people, upon reading the burden of proof instruction as submitted, would assume that the defendants had the burden to dissuade them from believing plaintiff's evidence on the additional charges and failure to give credits. The defendants' evidence was directed only to the amount owed and only as to interest and credits. The jury may well have believed the defendants had the burden on this issue and been misled as to the burden plaintiff shouldered to prove the propriety of interest charges and credits.

I would reverse and remand for a new trial.