Jonathan HOUSTON, By and Through His Mother and Next Friend Suzanne HOUSTON, and Suzanne Houston, Plaintiffs-Appellants,

v.

Ivan TETER, Defendant-Respondent.

No. 49469.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 21, 1986.

Application to Transfer Denied March 25, 1986.

John D. Anderson, St. Louis, for plaintiffs-appellants.

Daniel G. Tobben, St. Louis, for defendant-respondent.

SNYDER, Judge.

The key issue in this appeal is whether appellant Jonathan Houston preserved for review his claim of error that the verdicts of the jury were so inconsistent as to require reversal. This court finds that the issue was not preserved for appellate review and therefore affirms the judgment.

Jonathan Houston, by his mother and next friend, Suzanne Houston, brought a personal injury action in one count against respondent Ivan Teter after a motor vehicle collision in which the motor vehicle occupied by Jonathan Houston was struck in the rear by a motor vehicle driven by Teter. Suzanne Houston, in a second count, sought recovery of medical expenses, mostly for examinations of Jonathan by various medical and psychology experts.

After a seven day trial the jury returned a verdict in favor of defendant Teter on

Jonathan's Count I claim, but in favor of Suzanne Houston and against Teter in the sum of $5,000.00 on Suzanne's Count II claim for medical expenses.

■ Both Jonathan and Suzanne appeal, but they incorrectly appeal from the order denying their motion for a new trial. The denial of an after trial motion is not an appealable order, instead the appeal must be taken from the judgment to which the motion was directed. *Pittman v. Reynolds*, 679 S.W.2d 892, 893[1] (Mo.App.1984). This court will, in the interests of judicial efficiency, exercise its discretion and treat the appeal as though it were from the trial court's judgment. *Bildner v. Giacoma*, 522 S.W.2d 83, 87[2] (Mo.App.1975).

An appeal from a trial court judgment is not a matter of right, but is purely statutory. Rule 81.01; § 512.020; *Laws v. Hager*, 693 S.W.2d 902, 903[1] (Mo.App.1985); *Chura v. Bank of Bourbon*, 674 S.W.2d 675, 677[1] (Mo.App.1984). Only parties aggrieved by a judgment are permitted to appeal. § 512.020 RSMo.1978.

■ Suzanne Houston was not aggrieved by the judgment because she obtained a favorable verdict and a judgment in the sum of $5,000.00. *Lowe v. Labor and Industrial Relations Commission*, 594 S.W.2d 365, 368[7] (Mo.App.1980); *see also, Shaffer v. Terrydale Management Corp.*, 648 S.W.2d 595, 609 (Mo.App.1983); *Boland v. Dehn*, 348 S.W.2d 603, 604[2, 3] (Mo.App.1961). Therefore, her appeal is dismissed.

Defendant Teter did not appeal from the judgment rendered in favor of Suzanne Houston.

Jonathan Houston, however, is an aggrieved party and his appeal must be ruled on by this court unless it is dismissed for noncompliance with the rules. Respondent Teter filed a motion for dismissal which was taken with the case. The motion alleged that appellant failed to comply with the provisions of Rule 84.04(c) because his statement of facts summarized only that evidence favorable to appellant's case and

omitted all evidence presented by the defendant.

█ The brief of appellant is indeed defective in exactly the respect alleged by the respondent, but the motion to dismiss will be denied inasmuch as the judgment is being affirmed because appellant's only point relied on, an alleged error relating to the inconsistency of the jury verdicts, was not preserved for appellate review.

After the jury had retired to deliberate, they sent a note to the court which read:

Can you decide for Susan [sic] Houston and award money, but not for John or vice versa?

After a discussion between the court and the attorneys for the parties, the court suggested that the question could not be answered directly, but proposed answering it by communicating to the jury in writing that:

In replying to your inquiry, the court refers you to the instructions already given.

Appellant's trial counsel did not object to this proposal and the communication was sent to the jury room.

Eleven of the jurors signed the verdict in favor of Teter and against Jonathan Houston and ten signed the verdict in favor of Suzanne Houston and against Teter. The transcript does not contain a complete record of the proceedings when the jury returned its verdicts, although respondent said, and appellant did not deny, that the only action taken by appellant's counsel then was to poll the jury.

No objection was made to the verdicts as being inconsistent at that time, nor did appellant's counsel suggest to the court that the verdicts were inconsistent and that the members of the jury should be sent back to correct them.

The question of preserving error in connection with the correction of defects in a verdict was considered in *Cobb v. Cosby,* 416 S.W.2d 222, 225[7] (Mo.App.1967). In *Cobb v. Cosby,* the court agreed it would be unfair to convict a judge of an error on account of a ruling which the defendant did not object to during the trial. *Id.* at 226. Quoting *Johnson v. Girvin's Estate,* 370 S.W.2d 163, 167 (Mo.App.1963), the court emphasized that "it is counsel's duty to call the attention of the court to any inconsistency or irregularity" in a verdict. 416 S.W.2d at 226.

Appellant failed to include an allegation of error in connection with the verdicts in his motion for a new trial. Rule 78.07 requires that allegations of error be included in a motion for a new trial if they are to be preserved for appellate review. If definite objections are made during the trial in accordance with Rule 78.09, a general statement of the allegation of error in the motion for a new trial is sufficient.

Appellant argues that the allegation in his motion for a new trial "the verdict is against the law under the evidence" is a general allegation which includes the inconsistent verdict error. It does not. An assignment of error that the verdict is against the law and the evidence and the law under the evidence raises nothing for review. *Cargill Inc., Commodity Marketing Division v. Hale,* 537 S.W.2d 667, 670[7] (Mo.App.1976).

Even if his general allegation that "the verdict is against the law under the evidence" could be interpreted to cover an error relating to inconsistent verdicts, it would not help the appellant in the case under review because he made no specific objection to the verdicts when they were returned. Rule 78.09.

█ The only time the alleged inconsistent verdict error was raised prior to the appeal was in oral argument on appellant's motion for a new trial and in his memorandum in support of the motion which was submitted more than a month after the motion for a new trial was filed.

Rule 78.07 reads in part:

Allegations of error to be preserved for appellate review must be included in a motion for new trial.

Exceptions to this rule are questions of jurisdiction over the subject matter, sufficiency of the pleadings to state a claim or

defense and questions authorized by Rule 72.01 relating to motions for directed verdicts and for judgments notwithstanding the verdict.

The rule means what it says when it uses the words "must be included." It will not be interpreted into ineffectiveness by saying that a point not included in a motion for a new trial, first raised in oral argument on the motion, and subsequently raised in a legal memorandum, sufficiently preserves the error for appellate review. *Pruitt v. Community Tire Co.*, 678 S.W.2d 424, 429 (Mo.App.1984). The line must be drawn somewhere.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.